THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOGAN M. BULLITT, PLAINTIFF IN ERROR.

Argued November 8. 1899—Decided February 26, 1900.

When, to justify a conviction upon an indictment, an intent to steal must be proved, it is error to charge that a mere taking of property will justify the inference of such intent if the circumstances appearing in proof may justify also the inference that the taking was without intent to permanently deprive the owner of his property therein, but was a mere incident of a reprehensible trespass for which a civil action for damages would lie.

On error to Cape May Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *Robert H. McCarter.*

For the defendant in error, *Lindley M. Garrison.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The conviction of plaintiff in error disclosed by the record brought here by this writ was based upon a general verdict of guilty found by a jury upon the trial of an indictment against him containing five counts. The first count charged him with breaking and entering by night an office building of James E. Taylor, with intent to steal; the second count charged him with breaking and entering by day an office building of said Taylor, with like intent; the third count charged him with entering without breaking an office building of said Taylor, with a like intent; the fourth count charged him with the larceny of certain receipts, accounts and papers of said Taylor, and the last count charged him with receiving certain papers of said Taylor before un-

lawfully stolen, knowing them to have been so unlawfully stolen.

The bills of exception disclose that upon the trial of the issue made by the general plea of not guilty interposed by plaintiff in error, after the state had presented evidence and rested its case, the counsel for plaintiff in error opened the defence and stated certain facts which he proposed to prove. Thereupon, the counsel representing the state admitted the truth of the facts so stated, and the case went to the jury upon such admission.

The assignments of error present many questions of considerable importance, but it is deemed unnecessary to consider more than one of them, as in our judgment it clearly discloses reversible error.

Upon the evidence adduced for the state a jury may have been warranted in finding that plaintiff in error had caused an office building occupied by Taylor, but built upon the land of the South Jersey Railway Company, to be entered and torn down, and had taken therefrom certain papers, including papers of the Franklin Electric Light Company of which the plaintiff in error was president, and of which Taylor had formerly been an employe as manager.

By the opening of counsel for plaintiff in error the following facts were stated, and, as we have said, admitted to be true, viz., that plaintiff in error claimed that Taylor had been discharged from his employment as a servant of the electric light company; that plaintiff in error took the papers in the office and selected carefully therefrom those which belonged to the electric light company, which he kept in his possession as president of that company; that he placed the remaining papers in a desk which had been in the office and in a barrel and put the desk and barrel in a place contiguous to the site of the demolished office, of which Taylor had notice shortly after.

It is obvious that upon these proved and admitted facts it became a question for the jury whether the acts of the plaintiff in error, however reprehensible and however they might

subject to him liability in a civil action for damages, evinced a crime. Whether they showed crime or not depended on the intent with which they were done. If the intent was merely to demolish the building and take from Taylor's possession the papers of the electric light company of which plaintiff in error was president, it was a trespass, and however high handed and indefensible, was redressible only by civil action. If the intent was to take and appropriate the private papers of Taylor, a conviction under some of the counts might perhaps properly follow.

Under these circumstances the trial judge was requested to charge and did charge that if plaintiff in error only took and kept the papers of the electric light company, yet on the proof that papers of Taylor were removed and taken, it was immaterial what was done by plaintiff in error with them, "if he took them he is guilty."

The charge in this respect is supported in argument here upon the case of *State* v. *Davis*, 9 *Vroom* 176, but this argument is based on a misconception of what was decided in that case. It there appeared that the accused had taken a horse and wagon from in front of the residence of the owner and driven off for some distance, and then abandoned the horse and wagon, without any offer to return them to the owner or to notify him where they could be found, or to secure them where the owner might find them. It was rightly held that such acts might justify an inference of an intent at the time of taking to deprive the owner of his property, which intent was abandoned when detection became imminent, and that such an intent would constitute the crime of larceny.

It had before then been decided in this court that the crime of larceny was only committed when goods were taken with an intent to permanently deprive the owner of them, and that whether the taker had that intent or only an intent to use the goods temporarily, was a question for the jury. *State* v. *South*, 4 *Dutcher* 28.

The instructions to the jury under consideration cannot be

squared with the principles of these decisions. The mere taking of Taylor's papers did not establish the intent to steal charged in the first three counts, nor the larceny or receiving charged in the remaining counts. It was a question for the jury whether there was an intent to deprive the owner of his property in his papers permanently, and not merely temporarily during the trespass and demolition of the building. The evidence contained in the bills of exceptions was so plainly insufficient to justify an inference of the criminal intent that I think a direction for a verdict for defendant might have been given.

For this reason the judgment must be reversed.