KAROLINE KOBYLAKIEWICZ, ADMINISTRATRIX OF THE ESTATE OF STANLEY KOBYLAKIEWICZ, DECEASED, PLAINTIFF-APPELLEE, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, DEFENDANT-APPELLANT.

Argued May 9, 1935—Decided August 30, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Martin P. O'Connor*.

For the appellee, *George Kidder* (*Harry J. Weiner*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment of the District Court rendered by the trial judge, sitting without a jury, against the defendant for the sum of $500 the amount of an "accidental death benefit" claimed

by the plaintiff under a policy of insurance issued by the defendant on the life of Stanley Kobylakiewicz.

The defense was that the proofs failed to show that the insured "sustained bodily injury, solely through external, violent and accidental means, occurring after the date of the policy and resulting in the death of the insured," as required by the contract on which the action was based.

At the conclusion of the evidence the defendant moved for the direction of a verdict in its favor upon the ground that "it does not appear that he sustained bodily injury solely through external, violent and accidental means." That motion was denied and judgment entered for the plaintiff.

The only ground of appeal requiring consideration now is the denial of the defendant's motion for the direction of a verdict in its favor.

We believe that motion was properly denied in view of the evidence which tends to show the following matters of fact: The insured resided in Linden. He had a wife and eleven children living with him. From March 30th, 1933, until May 8th, 1933, he was confined in the state hospital for the insane at Marlborough. Within a week or two after his return home he became very violent, throwing things about, and threatening to kill his family and "everybody," with the result that from time to time his family were obliged to flee. This state of affairs continued until May 27th, 1933, when a warrant was issued for his arrest for assault and battery on the complaint of his wife, and on the following day six or seven police officers came to his house and called upon him to submit to arrest. There being no response, they entered the house and, on ascending the stairway, the insured rushed down upon them with a pickaxe and said that he would kill them, and "acted like a wild man." The officers retreated and procured "tear gas bombs." These were discharged into the house and after the lapse of an hour or more the officers rushed in. The insured was on the first floor with a pickaxe in his hand. The room was full of tear gas which had taken effect upon the insured and even affected the officers when they entered. One of the officers threw a chair at the insured

and the latter started for the officer in a threatening manner. In this situation some one or more of the officers fired shots one of which killed the insured.

The defendant argued in support of its motion for a directed verdict, that under this evidence, the insured "was the aggressor and that what transpired on this particular evening at his home was not an accident, but on the contrary, a condition which he brought about, and that he, himself, provoked the injury which he sustained and as a result of which he died."

But we think this case cuts deeper than that, and that there must be considered in this connection the evidence bearing upon the mental condition of the insured at the time.

It does not seem to be questioned that the insured met his death by external and violent means. We have then to consider the sole remaining contention of the defendant that he did not meet his death through accidental means.

Now an accident, in this connection, is usually defined as an event that takes place without one's foresight or expectation, and that definition was given recognition in *Kennedy* v. *United States Fidelity, &c., Co.,* 113 *N. J. L.* 431. Foresight or expectation of course imply an ability to think and reason. Cases to which we have been referred are not precisely in point, but we believe that the reasoning thereof disclose that the pertinent rule is this: If the reasoning faculties of the insured were so far impaired that he was not able to understand the moral character and general nature and consequences and effect of his acts in so resisting arrest, and was impelled thereto by an insane impulse of a disordered mind which he had not the power to resist—such death was through external, violent and accidental means within the meaning of the policy. See *Tuttle* v. *Iowa State Traveling Men's Association,* reported in 7 *L. R. A.* (*N. S.*) 223, and cases collected in the case note. See, also, 19 *Am. & Eng. Enycl. L.* (*2d ed.*) 75. and cases there collected.

Under the rule stated, in view of the evidence, we think the defendant's motion for a directed verdict was properly denied.

The judgment will be affirmed, with costs.