STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ROBERT D. BELL AND PETER J. LYNCH, DEFENDANTS-
APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1969—Decided April 1, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Miss Cynthia M. Jacob,* Assistant Deputy Public Defender, argued the cause for appellants (*Mr. Richard Newman,* Deputy Public Defender, attorney).

*Mr. S. Philip Klein,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Michael R. Imbriani,* Somerset County Prosecutor, attorney).

The opinion of the court was delivered by

KILKENNY, J. A. D.   Defendants were found guilty, after separate trials before separate juries, of breaking and entering with intent to steal. Bell was sentenced to the New Jersey Reformatory for an indeterminate term. Lynch was sentenced to State Prison for a term of two to four years.

Defendants appealed from the respective judgments of conviction. The appeals were consolidated because of the common questions of law and fact, both defendants having been allegedly involved in the same incident.

On February 28, 1967, in the early morning hours, Three Lights Tavern in Bernardsville was broken into and entered. A jug containing $120.82 and a bottle of liquor, valued at $6, were stolen. Shortly thereafter the police spotted a suspected vehicle and followed it. The vehicle stopped at a motel and the defendants left the car and went into the place. The police saw on the seat of the vehicle, in plain view, a jug of money and a bottle of liquor, later identified by the owner of the tavern as the items stolen therefrom. Defendants were taken into custody.

They pleaded guilty in the municipal court to a charge of "receiving" stolen goods (*N. J. S.* 2A:139-1), for which they were fined $25 and $5 costs of court. In default of payment, they spent six days in the county jail. Thereafter, they were indicted for breaking and entering with intent to steal (*N. J. S.* 2A:94-1), tried separately before a jury and found guilty, as first noted above.

## I

Defendants argue that the State was collaterally estopped from indicting and convicting them for breaking and entering with intent to steal, after there had been a prior determination, by their guilty plea in the municipal court, that they had "received" the stolen goods. They rationalize that, if they were *receivers* of the stolen goods, some other person or persons must have done the stealing. The next step in their logic is that it is inconsistent to find them guilty of breaking and entering "with intent to steal," if someone else was the thief.

The State agrees that one may not be convicted of larceny of particular items and also be convicted at the same time of receiving the same stolen goods. Concededly, it would

be repugnant to convict one as the *thief* and at the same time convict him as a *receiver from the thief*. But no such repugnancy exists between the crime of breaking and entering with intent to steal and the crime of receiving stolen property.

In *State v. Fioravanti*, 46 N. J. 109, 127 (1965), defendant was convicted on six counts of breaking and entering, larceny and receiving stolen goods. The court found that the repugnancy between the larceny and receiving counts did not exist between the breaking and entering count and the receiving count. See, too, *State v. Harris*, 78 N. J. Super. 232 (*App. Div.* 1963).

The crimes of receiving stolen property and breaking and entering with intent to steal are two separate crimes. *State v. Quatro*, 44 N. J. Super. 120, 127 (*App. Div.* 1957). They are not necessarily inconsistent. The proof warranting a conviction of each crime is different. No repugnancy exists, because one can break and enter with *intent* to steal and yet be a receiver of goods stolen by another. Since defendants pleaded guilty in the municipal court as mere receivers, they thereby estopped themselves from maintaining that they were the thieves. The State was not, therefore, collaterally precluded from indicting and convicting them of the separate crime of breaking and entering. There was ample proof to support the breaking and entering conviction. *State v. Fiorello*, 36 N. J. 80 (1961). No claim has been made on this appeal that the verdict was contrary to the weight of the evidence. Neither defendant testified.

For completeness, we also note that R. R. 3:5–5(b)(2) provides that a collateral estoppel motion must be made before trial. This was not done here. But see *State v. Currie*, 41 N. J. 531, 535 (1964).

## II

Defendant's only other point is that the search and seizure of the car in which they were riding violated their rights

under the Fourth Amendment to the United States Constitution.

Defendants' pretrial motion to suppress the evidence —the jug of money and bottle of liquor—was denied. We find no error in that ruling. These items were in plain view on the seat of the automobile when the police looked into the car, after defendants had stopped and entered the motel. There was no search, but merely an observation made of items apparent to the human eye. As we said in *State v. Griffin*, 84 *N. J. Super.* 508 (*App. Div.* 1964):

"A search implies some exploratory investigation. It is not a search to observe that which is open and patent, in either sunlight or artificial light." (at *p.* 517)

Hence, the claim of an unlawful search and seizure is without merit. The denial of the motion to suppress was proper.

The judgments of conviction are affirmed.