471 P.2d 636 (1970)
CONTINENTAL CASUALTY COMPANY, Plaintiff in Error,
v.
William J. MAGUIRE, Defendant in Error.
No. 70-040, (Supreme Court No. 23040.)
Colorado Court of Appeals, Div. II.
April 14, 1970.
*637 Yegge, Hall, Treece & Evans, Wesley H. Doan, Denver, for plaintiff in error.
Morton L. Davis, Bruce Ownbey, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
From a judgment entered against it in an action for a breach of its contract of insurance, the Continental Casualty Company prosecutes this writ of error. The judgment was recovered by Maguire in an action on a group indemnity policy issued by the company and in force when Maguire suffered injuries resulting in the loss of his eyesight when he was struck by fragments of an exploding tear gas shell. The issue in this case is whether or not Maguire's loss of eyesight was due to injuries for which he was entitled to benefits under the terms of the policy. The parties will be referred to as the company and as Maguire.
The case was tried to the court without a jury and the facts as found by the trial court are summarized as follows:
Maguire had suffered from a recurring mental illness diagnosed as schizophrenic reaction, paranoid type, and he was hospitalized for treatment of this illness four times between 1954 and 1964 when the mishap occurred.
In August of 1964, Maguire suffered a recurrence of this illness. He lost his appetite, began to lose sleep, worried about his job, worried about his income, and generally became very nervous and distraught. Maguire's wife, recognizing the symptons from her previous experience with his illness, became alarmed and unsuccessfully attempted to persuade Maguire to consult a psychiatrist. On August 17, 1964, she removed herself and their two children from the family residence to a motel. On the following day, she returned to the residence to check on Maguire's condition. She could not locate him on the first floor of the house and when she discovered that his shotgun had been removed from its normal place of storage she left and called the Adams County Sheriff's Office, advising them of her husband's mental state. Thereafter, the officers arrived at the home and she again approached the house and found her husband sitting in the living room with a shotgun across his lap. He threatened her with the gun and she left the house.
Upon the advice of the officers, she returned to the motel. The officer in charge had secured her permission to use tear gas to force Maguire out of the home if necessary. While attempting to persuade him to come out, one of the officers entered the home and Maguire shot the gun, inflicting superficial wounds on the officer. The officer went next door for first aid, called an ambulance and went to a doctor for treatment. He later returned to the scene and the officers then fired ten tear gas canisters into Maguire's home, one of which exploded in his face, and he was blinded by fragments of the shell.
No action, civil or criminal, had been instituted against plaintiff nor had any commitment proceedings been commenced at the time the officers fired the tear gas shells. Later, a criminal complaint was *638 filed against Maguire charging him with assault. He entered a plea of guilty to simple assault, and was placed on probation.
The court found that Maguire was insane at the time of the incident in question, and that his injuries were not the result of any intentional action on his part. On the basis of these findings, the court concluded as a matter of law that Maguire's loss of eyesight was due to injuries for which he was entitled to benefits under the terms of the policy.
The company alleges that the court's findings and conclusions are in error and that the judgment should be reversed.
The company contends that the court's finding that Maguire was insane at the time of the incident is not supported by the evidence.
Both Maguire and his wife testified to his irrational conduct immediately preceding the incident. Hospital records of Maguire's commitment for treatment on four occasions with the diagnosis of schizophrenic reaction were admitted by stipulation. A psychiatrist testified that Maguire was insane. This expert opinion was expressed on the basis of a proper hypothetical question. The company offered no evidence on the question of insanity and the court's finding is supported by competent evidence. Maguire's plea of guilty to the charge of simple assault does not preclude his proving in this civil action that he was in fact insane.
The company contends that even though the provisions of the policy do not expressly exclude liability for injuries resulting from the insured's criminal act, that public policy bars recovery under such circumstances. Metropolitan Life Insurance Co. v. Roma, 97 Colo. 493, 50 P.2d 1142 is cited as authority for this argument. However, the rule in the Roma case is not applicable here because, as the trial court found, Maguire was insane at the time he was injured and he was not accountable for his actions.
The company argues that Maguire's injuries were not the result of an accident, but were the natural, probable, and foreseeable consequence of his intentional acts in provoking the assault by the police officers. However, the court found that Maguire, at the time of his injuries, was not engaged in any aggressive acts. Furthermore, no action of Maguire's in connection with this incident was voluntary or wrongful because he was insane at the time. See Kobylakiewicz v. Prudential Insurance Company of America, 115 N.J.L. 382, 180 A. 491.
The company argues:
"That the court erred in finding that Maguire's injury was an injury as defined in the policy being an injury caused by an accident resulting directly and independently of all other causes and that it was not caused by plaintiff's mental illness either solely or contributorily."
The policy in question provides:
"`Injury' whenever used in the policy means bodily injury caused by an accident occurring while the policy is in force as to the insured employee and resulting directly and independently of all other causes in loss covered by the policy?'
The company construes the words "independently of all other causes" contained in the policy as limiting the type of accident for which it is liable. On the basis of this construction, the company argues that Maguire's pre-existing mental illness was an "other cause" of the accident and that the accident did not occur independently of this "other cause." No authority is cited for this construction of the provision in question.
The clause "independently of all other causes" is a definition of the "loss" for which benefits are provided in the policy and is not a definition of the type of accident for which benefits are provided. The meaning of these words is that the accident must be in the predominate cause of the loss in order to be recoverable under *639 the policy and that the loss must have resulted independently of causes other than the accident. Mahon v. American Casualty Company of Reading, Pa., 65 N.J.Super. 148, 167 A.2d 191. Maguire's blindness resulted from an injury caused by an accident as defined in the policy. It is immaterial whether the accident resulted independently of his mental illness. The court properly found that the "injury was caused by an accident" as defined by the policy.
The company further contends that Maguire is entitled to no benefits under the policy because the policy specifically excludes any loss resulting from "suicide or any attempt thereat while sane or self-destruction or any attempt thereat while insane." The court properly found that there was no evidence Maguire was injured in an attempt at suicide or self-destruction.
Judgment affirmed.
ENOCH and DUFFORD, JJ., concur.