111 N.J. Super. 596 (1970)
270 A.2d 69
JOYCE A. FURR, PLAINTIFF,
v.
METROPOLITAN LIFE INSURANCE CO., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 8, 1970.
*597 Bruce W. Lerner for plaintiff (Messrs. Freeman & Bass, attorneys).
Mr. John L. McGoldrick and Mr. Eugene M. Haring for defendant (Messrs. McCarter & English, attorneys).
FULOP, J.S.C.
This action was tried to the court without a jury.
Plaintiff is the named beneficiary in two policies of life insurance issued by defendant upon the life of plaintiff's son, William E. Furr. William died on July 15, 1967. Each policy contains a provision for an additional payment in the event of accidental death of the insured. Defendant has *598 paid the ordinary death benefits provided by the policies but not the accidental death benefits. Plaintiff claims that she is also entitled to these benefits, amounting to a total of $1,970 on the two policies. Defendant denies liability. The issue in the case is whether decedent's death resulted from bodily injuries caused by accidental means within the meaning of the double indemnity provision of each policy.
At the trial the policies and the insured's death certificate were introduced into evidence. Plaintiff testified to her relationship to the insured, to the fact that he was absent from home for two days prior to his death, and that he died on the date stated. Defendant presented the testimony of a Newark policeman and some photographs of decedent and of the locale of his death which were published in a magazine.
Patrolman Parisi of the Newark Police Department testified that on July 13, 14 and 15, 1967 there was extensive rioting and looting in the city, especially in the 4th and 5th precincts. There were numerous fires of suspicious origin. Firemen and policemen were stoned and shot at. In addition to working as a detective, Parisi was assigned to riot duty. He worked for more than 24 hours without going off duty.
On the afternoon of Saturday, July 15, 1967, Parisi was driving a well marked black and white police car under the direction of Sergeant O'Connor, who was seated in the right front seat. Patrolman Scarpone was in the rear seat of the car. All three were in uniform and equipped with shotguns. Scarpone pointed his gun out of a rear side window of the car. At about 2:25 P.M. these officers were directed by radio to go to a liquor store at 125 Avon Avenue reportedly being looted. They promptly followed instructions. As the police arrived at the store they noted that it was damaged and saw the insured leaving the store with a package in his hands. They drove along the sidewalk next to Furr. The officers called to Furr to stand still. He looked directly at the police and at the shotgun *599 protruding from the police car pointing in his direction but did not stop. He ran, carrying the package which was later discovered to be a six-pack of beer. The police fired warning shots, but Furr continued to run. The police intentionally shot him to prevent his escape. He died of the wounds.
The identical policy provisions in issue read in part as follows:
Upon receipt of due proof that the death of the Insured resulted, directly and independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule. * * * Such benefit shall not be payable if the Insured's death * * * (4) is the result of participating in or attempting to commit an assault * * *.
No illegal acts of the insured result in loss of the accidental death benefits under the words of the policies except suicide, assault, or attempted assault.
It is admitted that the insured died from injuries caused solely by external and violent means. The issue is whether the cause was accidental within the meaning of the policy.
Defendant's position is stated in its brief as follows:
* * * the insured's death was not "accidental" within the additional indemnity provision because his death was the foreseeable, natural, and probable consequence of his own actions. Furthermore, although the foregoing is a sufficient defense, it is also true that the accidental death benefit should be barred as a matter of public policy since the insured's death grew out of and was directly related to the insured's own criminal conduct.
What constitute accidental means causing death has been the source of much litigation. The law was thoroughly canvassed by Justice Hall in Linden Motor Freight Co., Inc. v. Travelers Ins. Co., 40 N.J. 511 (1963). It has been studied again in Schwartz v. John Hancock Mutual Life Ins. Co., 96 N.J. Super. 520 (Law Div. 1967), affirmed substantially o.b. 99 N.J. Super. 223 (App. Div. 1968), certif. den, 51 N.J. 393 (1968).
*600 Original thinking on the meaning of this policy provision or the probable understanding of the parties would be futile after the many cases dealing with the subject, even though none is squarely in point. We are confined to the application of the decided cases, leaving any rethinking thereof to the appellate courts.
It has been held that an "accidental" occurrence within the meaning of such policy provisions is one which "takes place without one's foresight or expectation." Kobylakiewicz v. Prudential Ins. Co., 115 N.J.L. 382 (Sup. Ct. 1935); Walters v. Prudential Ins. Co., 116 N.J.L. 304 (E. & A. 1936). The foresight or expectation to be considered is that of the insured. White v. Metropolitan Life Ins. Co., 118 N.J.L. 149 (E. & A. 1937). An act causing the death of the insured may be intentional on the part of the actor, but accidental to the insured. For instance, an intentional shooting of the assured by one who mistakes him for another would be accidental as to the insured.
An act which causes the insured's death which is induced by the insured's culpable conduct and is the reasonable and probable consequence of such conduct is deemed foreseeable by the insured and not accidental. Walters v. Prudential and White v. Metropolitan, supra. However, death caused by the police without legal justification has been said to be non-foreseeable by the insured and therefore accidental. White v. Metropolitan, supra.
The burden of proof of death caused by external, violent and accidental means is upon plaintiff. Kennedy v. United States F. & G. Co., 113 N.J.L. 431 (E. & A. 1934). However, upon proof of death by external and violent means, a rebuttable presumption arises that the same was accidental. 46 C.J.S. Insurance § 1317a(2) and b(1) (b). The burden of proving the defense that decedent was committing a crime which rendered the shooting by the police foreseeable appears to be upon defendant as proof of an affirmative defense. See White v. Metropolitan, supra.
*601 It cannot be said that the criminal conduct of the insured has been proved in this case. The evidence points in that direction, but proof of criminal conduct requires the overcoming of a presumption of lawful conduct. Even in a civil case the burden of proof of criminality appears to be a little greater than in other types of situations. One might describe the attitude of the courts as a polite unwillingness to believe evil of any man, or a carryover from the criminal law burden of proving guilt beyond a reasonable doubt.
But even if we assume that it has been proved that the insured was escaping in the course of theft of a six-pack of beer and of entering the premises of another without breaking with intent to steal, there is doubt that the police were justified in shooting him to death to prevent his escape.[*]
[*] It would be improper to decide that the action of the police was not legally justified in this case in which the police officers and the city are not parties, and the evidence on the subject is minimal.
See Davis v. Hellwig, 21 N.J. 412 (1956), and Wimberley v. Paterson, 75 N.J. Super. 584 (App. Div. 1962), certif. den., 38 N.J. 340 (1962).
On the authority of White v. Metropolitan Life Ins. Co., supra, I hold that decedent's death was an occurrence which, from his point of view, was not foreseeable or expectable and was therefore accidental. Judgment will be entered in favor of plaintiff for the amount claimed and costs.