**Bess M. ORE, Plaintiff-Appellee,**

v.

**The AETNA LIFE INSURANCE COMPANY, Defendant-Appellant.**

**No. 20248.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 1970.

Wynn Smith, Jr., Memphis, Tenn., Canada, Russell & Turner, Memphis, Tenn., of counsel, for appellant.

Charles G. Black, Memphis, Tenn., Michael T. Hartsfield, Memphis, Tenn., of counsel, for appellee.

Before McCREE, BROOKS, and MILLER, Circuit Judges.

## WILLIAM E. MILLER, Circuit Judge.

This appeal arose out of an action in the District Court on diversity grounds, to recover accidental death benefits under a group life insurance policy. The claimant seeks to recover the benefits due to the death of her husband who was covered by the group policy issued by The Aetna Life Insurance Company, the defendant-appellant. There was a jury verdict below for the plaintiff-appellee in the amount of $83,000.00.[1]

The plaintiff and her deceased husband, Arthur F. Ore, lived in Memphis, Tennessee, from 1961 until the date of the latter's death, and the plaintiff now resides there. The deceased, aged 47, was found dead in the early evening hours of August 9, 1966, lying partially under the desk in his business office. Prior to his death, the deceased had been under a physician's care and treatment for high blood presure and a slight heart murmur.

At trial, the plaintiff contended that her husband died as a result of a fall in which he struck his head on his office desk. The defendant insurer, on the other hand, contended that the deceased was stricken with a heart attack which caused the fall. This conflict in the theories relating to the cause of death is crucial since the policy in question requires that death must be from "violent, external and accidental means" before recovery may be had under the policy.

The defendant-appellant insists that the proof showed that the blow to the head of the deceased was not sufficient to have caused his death and, therefore, that there can be no recovery under the policy. In the alternative, it is asserted that, even if it be found that death was "accidental," bodily infirmity and disease contributed to the insured's death and hence the exclusionary clause of the policy applies and defeats recovery.

The proof at trial was in conflict. Numerous medical experts testified as to the cause of death and their conclusions were at variance. Defendant requested instructions the essence of which was that if the jury found that the heart condition was the first in a chain of causes that led to the insured's death, then it must decide in favor of the defendant. The defendant's requested instructions went to the issues of proximate cause and whether the "Exclusionary Clause" precluded recovery. Instead, the District Court charged the jury, in substance, that it must find that the trauma to the decedent's head was the sole cause of death and that the disease from which the decedent suffered did not contribute to the death if a verdict for the plaintiff was to be returned.

The dispositive issues for our determination here go to the adequacy and correctness of the District Court's instructions to the jury. If the jury was correctly charged, the factual issues were properly submitted to the jury for its determination. Tennessee law is the proper law to be applied. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Arnold v. New York Life Ins. Co., 131 Tenn. 720, 177 S.W. 78 (1914).

---

1. The parties have stipulated that interest should be allowed on any recovery at 6% from the date of filing proof of loss. This stipulation makes it unnecessary to pass upon appellee's motion to remand for determination of the right to recover interest.

The first issue involves the correctness of the Trial Court's charge with respect to whether the cause of death was "accidental" according to the terms of the policy.

In order to cast this issue in the proper context, we must compare the actual instructions given, the requested instructions and the applicable Tennessee law. In essence, the issue is whether the Trial Court correctly charged the jury as to Tennessee law on the doctrine of "proximate cause."

■ The Tennessee courts recognize a distinction between proximate cause in ordinary negligence actions and proximate cause as applied to contracts of accident insurance. In the latter situation, proximate cause is "applicable only in determining whether or not an injury is caused solely by the act or accident insured against * * *." Britton v. Prudential Insurance Co. of America, 205 Tenn. 726, 732, 330 S.W.2d 326, 328 (1959). "If the peril insured against is the efficient and predominating cause, it is regarded as the proximate cause. North American Insurance Co. v. Ellison, 37 Tenn.App. 546, 551, 267 S.W.2d 115, 117 (1954). The peril is regarded as proximately causing the death even though the particular peril set in motion a chain of events that resulted in death and operated with reasonable certainty to occasion the loss. Maness v. Life and Casualty Ins. Co., 161 Tenn. 41, 43, 28 S.W.2d 339 (1930). The peril insured against does not have to be the nearest cause of loss in point of time or place to permit recovery. North American Ins. Co. v. Ellison, supra, 37 Tenn.App. at 551, 267 S.W.2d 115.

■ The Court is of the opinion that the instructions given in the instant case were adequate and that they fairly stated the law of Tennessee on proximate cause. Indeed, with the exception of the phrase, "which sets in motion a chain of events," every element in the requested instructions is to be found in the Trial Court's instructions.

With respect to the Exclusionary Clause in the policy and the issue of whether the disease concurred with the trauma to cause death, there are two Tennessee cases which illustrate the applicable Tennessee law. See: Fireman's Fund Ins. Co. v. Glanton, 452 S.W.2d 861 (Tenn.1970). In 1954, the Tennessee Court of Appeals stated:

> The Insurance company * * * may be held liable where the accident can be considered as the sole and proximate cause of death, although disease or infirmity may have been present as a condition or secondary cause, or where death is the reasonable and natural consequence of an injury, although disease may have supervened or where the accident is the true cause of death or injury and the disease but the occasion. North American Ins. Co. v. Ellison, supra, 37 Tenn.App. at 551, 267 S.W.2d at 117.

Five years later, the Tennessee Supreme Court held:

> It is also the general rule that if the insured, at the time of the alleged accidental injury, was also suffering from a disease, and the disease aggravated the effects of the accident, and actively contributed to the disability or death occasioned thereby, there can be no recovery under the policy.
>
> * * * * * *
>
> Where, however, at the time he sustained an accidental injury the insured was also suffering from a disease or infirmity, and such disease or infirmity proximately caused, or substantially contributed to, his death or injury, it is generally held that no recovery can be had under a policy insuring in substance against death or injury resulting, independently of all other causes, from accidental means, or variations of such provisions, and containing no express exception with respect to disease, infirmity etc. Britton v. Prudential Ins. Co. of America, supra, 205 Tenn. at 730–731, 330 S.W. 2d at 328.

We are of the view that the principles of these cases were substantially embodied in the instructions given by the Trial Court. The jury was instructed that its verdict must be for the defendant-appellant if the disease or infirmity "proximately caused or concurred with the accident in causing the death" or was a "contributing proximate cause."

 The appellant argues that the use of the words, "*the* accident," by the Trial Court prejudiced the jury in favor of the appellee. We are of the opinion that the instructions, taken as a whole, were fair to both parties and entirely free from reversible error.

Affirmed.