176 N.J. Super. 136 (1980)
422 A.2d 451
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CARLOS T. VELEZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1980.
Decided October 27, 1980.
*137 Before Judges MATTHEWS, MORGAN and MORTON I. GREENBERG.
Barth F. Aaron, Assistant Prosecutor, argued the cause for appellant (Alexander D. Lehrer, Monmouth County Prosecutor, attorney).
James Daniels, Assistant Deputy Public Defender, argued the cause for respondent (Stanley C. Van Ness, Public Defender, attorney; David L. Kervick, Assistant Deputy Public Defender, of counsel).
PER CURIAM.
Defendant Velez and codefendant Hernandez were charged in a 13-count indictment with entering without breaking 12 different *138 vehicles on June 7, 1979 with intent to steal, in violation of N.J.S.A. 2A:94-1 (Counts 2 through 13). Hernandez was also charged with resisting arrest in violation of N.J.S.A. 2A:85-1 (count 1).
Defendant was also charged in three complaints with stealing from eight of the vehicles goods with a value of less than $200, in violation of N.J.S.A. 2A:170-30.1 (a disorderly persons offense).
Hernandez entered guilty pleas to resisting arrest and the remaining counts of the indictment against him were dismissed.
Thereafter, Velez moved to dismiss the indictment on the ground it charged a crime which is not an offense under the new Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq. The Law Division judge granted the motion finding that under the Code a person commits a burglary only if he enters a "vehicle adapted for the overnight accommodation of persons" and that "the ordinary automobile parked on the street is not adapted for the overnight accommodation of persons." He therefore concluded that "[t]he offense of breaking and entering into an automobile is no longer an offense under the Code."
The State contends that the Law Division judge erroneously held that the crime of breaking and entering an automobile not adapted for overnight accommodation of persons with intent to steal is no longer an offense under the Code. Specifically, the State urges that the offense committed constitutes attempted theft under N.J.S.A. 2C:5-1a(2) and 2C:20-3a. We agree.
N.J.S.A. 2C:1-1(c)(3) provides:
In any case pending on or initiated after the effective date of the code involving an offense committed prior to such date:
The court shall, if the offense committed is no longer an offense under the provisions of the code, dismiss such prosecution.
Defendant was charged under N.J.S.A. 2A:94-1, which provided:

*139 Any person who willfully or maliciously breaks and enters, or enters without breaking, any building, structure, room, ship, vessel, car, vehicle or airplane, with intent to kill, kidnap, rob, steal, commit rape, mayhem or battery, is guilty of a high misdemeanor.
The counterpart to N.J.S.A. 2A:94-1 in the Code is N.J.S.A. 2C:18-2 which provides in pertinent part:
a. A person is guilty of burglary if, with purpose to commit an offense therein he:
(1) Enters a building or occupied structure, or a separately secured or occupied portion thereof, unless the premises are at the time open to the public or the actor is licensed or privileged to enter; or
(2) Surreptitiously remains in a building or occupied structure or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so.
"Occupied structure" is defined in N.J.S.A. 2C:18-1[1] as:
... any structure, vehicle, boat, airplane or place adapted for the overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present.
As originally adopted, N.J.S.A. 2C:18-2 extended only to those structures, vehicles, boats, airplanes or places which are adapted for overnight accommodation of persons or for business. The reason for narrowing the offense of burglary is set forth in the Final Report of the New Jersey Criminal Law Commission 1971 (see pp. 209-210) and need not be mentioned here.
In view of the legislative history the State concedes that the Legislature did intend to eliminate unlawful entry of vehicles not adapted for overnight accommodation of persons from the burglary statute. It argues, however, that we must look to the Code in its entirety in order to determine whether the offense charged in the indictment is still an offense under the Code.
*140 The plain language of N.J.S.A. 2C:1-1c(3) requires dismissal of the prosecution only where "The offense committed is no longer an offense under the provisions of the code." [Emphasis supplied.] Thus, the statute does not require dismissal if the offense committed is no longer an offense of equal degree: "Offense" is broadly defined as:
... a crime, a disorderly persons offense or a petty disorderly persons offense unless a particular section in this code is intended to apply to less than all three. [N.J.S.A. 2C:1-14k]
Nor does N.J.S.A. 2C:1-1c(3) require dismissal if the Title 2A offense is no longer an offense under its counterpart in the Code. Rather, N.J.S.A. 2C:1-1f provides:
The classification and arrangement of the several sections of the code have been made for the purpose of convenience, reference and orderly arrangement, and therefore no implication or presumption of a legislative construction is to be drawn therefrom.
Accordingly, if the offense committed is an offense under some provision of the Code, dismissal of the prosecution under N.J.S.A. 2C:1-1c(3) is not warranted.
We conclude that entering without breaking a vehicle not adapted for overnight accommodation of persons, with intent to steal, constitutes an attempted theft under N.J.S.A. 2C:5-1a(3) and 2C:20-3(a). Under these statutes:
A person is guilty of theft if he unlawfully takes or exercises unlawful control over, movable property of another with purpose to deprive him thereof. [N.J.S.A. 2C:20-3a]
and
A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he ...
Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. [N.J.S.A. 2C:5-1a(3)]
The Law Division judge therefore erred when he concluded that unlawful entry of an ordinary vehicle with intent to steal is no longer an offense.
Reversed and remanded for trial.
NOTES
[1] While this appeal was pending the Governor approved Separate Bill 884, which became L. 1980, c. 12, and which, among other things, amends N.J.S.A. 2C:18-1 to read:

In this Chapter, unless a different meaning is required, "structure" means any building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present.