182 N.J. Super. 386 (1981)
440 A.2d 1377
STATE OF NEW JERSEY
v.
WILLIAM POWELL, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Monmouth County.
Decided December 4, 1981.[1]
*387 James R. Kinarney for defendant (William J. Gearty, Deputy Public Defender, attorney).
William D. Guidry, Assistant Prosecutor, for the State (Alexander D. Lehrer, Monmouth County Prosecutor, attorney).
McGANN, J.S.C.
Defendant moves for a new trial after the entry of a guilty judgment by the court following a nonjury trial. The issue is this: Under the New Jersey Code of Criminal Justice, may a person indicted for receiving a stolen vehicle be found guilty of the theft of that vehicle?
A one-count indictment charged that Powell "on or about the sixteenth day of June, 1981 ... did commit the crime of theft by purposely receiving moveable property, to wit: a 1979 Plymouth of the value of over $500.00 belonging to Victor Disanzo, knowing that it had been stolen, or believing that it had probably been stolen, contrary to the provisions of N.J.S. 2C:20-7(a)...."
The trial proofs were simple. On June 13, 1981 Disanzo had trouble starting his 1979 Plymouth while on Washington Street *388 in Newark. A passerby volunteered to help. After checking under the hood he told Disanzo that he thought he had it fixed and asked Disanzo to step out of the car while he tried to start it. The passerby then got into the car, started it and drove off.
Three days later the car, driven by Powell, was stopped by the Tinton Falls police in Monmouth County. A routine check revealed that it had been reported stolen. Disanzo identified Powell in the courtroom as the passerby. Powell testified that his brother (who looked like him) had loaned it to him. I resolved the credibility issue against him and found him guilty of stealing the car. This motion followed.
Prior to the adoption of the New Jersey Code of Criminal Justice (N.J.S.A. 2C:1-1 et seq.) a person charged with knowingly receiving stolen property in a one-count indictment could not be found guilty of stealing that same property. State v. Bell, 55 N.J. 239, 244 (1970), rev'g 105 N.J. Super. 238 (App.Div. 1969). Rationally, those charges were held to be mutually exclusive, i.e., if one is a "receiver" he cannot be the "thief" because, by implication, a receiver is one who takes from the thief or some other person intervening in the chain of possession after the theft. The procedural solution, as noted in Bell, was to charge the accused in a two-count indictment  one for larceny and the other for receiving stolen goods.
However, in redefining criminal activity under the Criminal Code, the Legislature quite deliberately changed the prior law and erased nice distinctions. Chapter 20 of the Code is entitled by the codifier as "Theft and Related Offenses." N.J.S.A. 2C:20-2(a) expresses the legislative intent as follows:
Conduct denominated theft in this chapter constitutes a single offense, but each episode or transaction may be the subject of a separate prosecution and conviction. A charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or accusation, subject only to the power of the court to ensure fair trial by granting a bill of particulars, discovery, a continuance, or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.
*389 What was formerly larceny is now covered by N.J.S.A. 2C:20-3(a): "A person is guilty of theft if he unlawfully takes or exercises unlawful control over moveable property of another with purpose to deprive him thereof." Also classified as forms of "theft," among others, are theft by deception, N.J.S.A. 2C:20-4 (formerly larceny by trick); theft by extortion, N.J.S.A. 2C:20-5 (formerly extortion), and theft by receiving stolen property, N.J.S.A. 2C:20-7. It is with these classifications of theft in mind that the statutory intent of N.J.S.A. 2C:20-2 becomes clear. As stated in the Commentary on the Proposed New Jersey Penal Code (2 Final Report of the New Jersey Criminal Law Revision Commission at 232):
Consolidation of receiving with other forms of theft affords the same advantages as other aspects of the unification of the theft concept. It reduces the opportunity for technical defenses based upon legal distinctions between the closely related activities of stealing and receiving what is stolen. One who is found in possession of recently stolen goods may be either the thief or the receiver; but if the prosecution can prove the requisite thieving state of mind it makes little difference whether the jury infers that the defendant took directly from the owner or acquired from the thief.
Subject only to fundamental constitutional protection accorded by the requirements of "due process," the Legislature is free to define proscribed criminal activity in any manner it deems appropriate. Levine v. State, 110 N.J.L. 467 (E. & A. 1933); State v. Western Union Telegraph Co., 13 N.J. Super. 172, 210 (Cty.Ct. 1951), aff'd 12 N.J. 468 (1953). There is no constitutional infirmity in this legislative scheme. The indictment advises the accused that he is a thief (either the actual taker or a receiver from the taker); it tells him what he allegedly illegally possessed (either by taking or receiving) and it fixes a date when he was found in illegal possession. Any surprise caused by being confronted with proofs that one is the taker rather than a receiver is adequately addressed by the fairness mandate of N.J.S.A. 2C:20-2(a). In the instant case no issue whatsoever was raised in that regard.
For the foregoing reasons the motion for a new trial is denied.
NOTES
[1] This written opinion amplifies the oral reasons expressed on the date the motion was decided.