252 N.J. Super. 356 (1988)
599 A.2d 954
STATE OF NEW JERSEY PLAINTIFF,
v.
EDWARD GAROFOLA, ET ALS. DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal), Hudson County.
Decided March 18, 1988.
Christopher Bubb and Edward Neafsey for plaintiff (Robert J. Del Tufo, Attorney General of New Jersey, attorney).
Joseph Hayden and Richard Regan for defendant Joseph Mocco.
James Flynn for defendant George Hurtuk.
*357 John Russell for defendant Michael Baglino.
Christine Yaris for defendant Edward Garafola.
Angelo Bianchi for defendant Richard Bassi.
Dennis Mc Gill for defendant Michael Harvan.
Richard Roberts for defendant Edward Harvan.
Charles D'Amico for defendant Arthur Dancey.
Harvey Weissbard and Michael D'Alessio for defendant Patrick Ball.
Jeffrey Ullman for defendant LaQuila Construction.
HUMPHREYS, A.J.S.C.
In this mega indictment, 28 defendants are charged with racketeering, conspiracy, and numerous other crimes. See New Jersey Racketeering Statute, N.J.S.A. 2C:41-1 et seq. The purpose of the conspiracy was to provide illegal dumping sites in New Jersey for out-of-state solid waste haulers. The State charges that the conspiracy involved bribery of New Jersey municipal officials, extortion and other crimes.
Defendants have moved to dismiss the indictment and for other relief. This opinion will deal with defendants' motion to dismiss counts 14 and 15 of the indictment. Defendants are charged in these counts with theft of real property by deception.[1]
The issue, novel in New Jersey, is whether unlawful use of real property can constitute the crime of theft of that real property. The court holds that it cannot. Defendants motion to dismiss these counts is granted.

*358 I.
The State contends that defendants used the reserved portion of 83rd Street in North Bergen as a site for the unlawful disposal of solid waste. Defendants are charged with theft of the street by deception through reinforcing and failing to correct a false impression that the disposal and abandonment of solid waste upon the reserved portion of the street was authorized by North Bergen and the Hackensack Meadowlands Commission.
A person is guilty of theft if that person purposely obtains property of another by deception. The word "obtained" means "in relation to property, to bring about a transfer or purported transfer of a legal interest in the property, whether to the obtainer or another...." N.J.S.A. 2C:20-1(f).
The State contends that defendants "obtained" the real property "by depositing huge amounts of solid waste rendering the land useless for any other purpose. By so doing, they also rendered the legal interest worthless, thus accompanying a de facto transfer of title in the nature of conversion or adverse possession."
The State's theory brings to mind a scene from the popular movie "Beverly Hills Cop Two." The Detroit detective, Eddie Murphy, arrives in Beverly Hills, California. He finds a mansion temporarily vacant. When the Beverly Hills Police arrive, they find Eddie Murphy happily using the swimming pool. The police accuse him of stealing the mansion. Eddie Murphy denies the charge saying he is "borrowing it."
The following examination of the common law and the New Jersey Code of Criminal Justice shows that defendants and Eddie Murphy are correct.

II.
The legal progenitor of the theft charged here is the common law crime of larceny. See Gardner v. State, 55 N.J.L. 17, 24, *359 26 A. 30 (Sup.Ct. 1892), aff'd without opinion 55 N.J.L. 652, 30 A. 429 (E. & A. 1893). That crime was committed "when one person misappropriated another's property by means of taking it from his possession without his consent." 2 LaFave & Scott, Substantive Criminal Law, § 8.1 at 328 (1986).
At common law, larceny was limited to the taking of tangible personal property. State v. Davis, 38 N.J.L. 176, 180 (Sup.Ct. 1875); State v. South, 28 N.J.L. 28, 29 (Sup.Ct. 1859) 2 LaFave, supra, § 8.4 at 349. See also White v. Metropolitan Life Ins. Co., 118 N.J.L. 149, 151, 191 A. 770 (E. & A. 1937); State v. Bullitt, 64 N.J.L. 379, 381, 45 A. 773 (Sup.Ct. 1900); State v. Leicht, 124 N.J. Super. 127, 131, 305 A.2d 78 (App.Div. 1973). ("Written documents were considered for purposes of larceny, to be merged into the things which they represented  so that, a deed representing real estate... could not be stolen." 2 LaFave, supra § 8.4 at 350.)
Modern statutes have broadened the scope of larceny to include property other than tangible personal property. The definition of property in the New Jersey Criminal Code includes real property. N.J.S.A. 2C:20-1(g). However, the following qualification was added in the commentary of the New Jersey Criminal Law Revision Commission.
(3). Distinction between movable and immovable property; Section 2C:20-1(d). The definition of "property" is quite comprehensive. Real estate is included as it should be for most purposes of a theft law, e.g., obtaining real estate by deception or intimidation. But mere use or occupation of land should not be classified as theft, even though it be an exercise of unauthorized control with a purpose of permanent appropriation. The immobility and relative indestructibility of real estate make unlawful occupancy a relatively minor harm for which civil remedies, supplemented by mild sanctions for trespassing, should be adequate. Further, the definition removes landlord-holdover tenant cases from theft law. [2 Final Report of the New Jersey Criminal Law Revision Commission, Commentary, § 2C:20-3 at 222 (1971); emphasis supplied]
The pertinent provisions of the New Jersey Code of Criminal Justice enacted by the Legislature in 1979 are exactly the same as the provisions commented upon in 1971 by the New Jersey Criminal Law Revision Commission. The natural inference *360 is that the Legislature agreed with the meaning ascribed to those sections by the commission. See also Cannel, Criminal Code Annotated, Comment N.J.S.A. 2C:20-3; State v. Velez, 176 N.J. Super. 136, 140, 422 A.2d 451 (App.Div. 1980) certif. den. 85 N.J. 504, 427 A.2d 590 (1981); State v. Powell, 182 N.J. Super. 386, 389, 440 A.2d 1377 (Law Div. 1981). See also 2 LaFave, supra, § 8.4 at 350 n. 6, in which the author states that New Jersey has used "cautious language" in including real estate in its definition of property subject to theft by taking.
Defendants are charged with dumping large amounts of solid waste onto land reserved for a street. That conduct, outrageous as it is, does not rise above a wrongful "use" or "occupation" of the street.
The court discerns no intention on the part of the Legislature to expand the crime of theft to encompass wrongful use or occupation of a street. Persons who commit such acts will not escape justice since other criminal and civil sanctions can be applied. See, for example, N.J.S.A. 2C:40-1, N.J.S.A. 2C:33-12(a) & (b) and N.J.S.A. 40:67-1, N.J.S.A. 39:4-64, and Restatement, Torts 2d, § 226.
The counts of the indictment charging defendants with theft of the street are dismissed.
NOTES
[1] This opinion is a refinement of a portion of a lengthy oral opinion on an omnibus motion to dismiss the indictment.