[L. A. No. 26283. In Bank. June 26, 1961.]

JOSEPH ANDALON GONZALEZ et al., Appellants, v. OLIVER B. DERRINGTON et al., Respondents.

[L. A. No. 26284. In Bank. June 26, 1961.]

PEARL SMALDINO et al., Appellants, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

[L. A. No. 26285. In Bank. June 26, 1961.]

BARBARA LEE SPINELLI, Appellant, v. OLIVER B. DERRINGTON et al., Respondents.

[L. A. No. 26286. In Bank. June 26, 1961.]

ELEANOR M. KESTEL et al., Appellants, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

E. Arnold Oppenheim, Harney, Drummond & Dorsey, R. E. Schlottman, Hahn, Ross & Saunders, E. Loyd Saunders, Helm & Budinger and Jerome M. Budinger for Appellants.

Veatch, Thomas & Carlson, Wayne Veatch, Henry F. Walker, Gibson, Dunn & Crutcher, Sherman Welpton, Jr., and F. Lee Coulter, Jr., for Respondents.

McCOMB, J.—These appeals involve four separate actions arising out of an explosion and fire that occurred on April 4, 1957, in a restaurant and bar in Los Angeles known as the Mecca Club.

The case of *Spinelli* v. *Derrington et al.* is an action to recover damages for injuries.

The remaining three cases are actions to recover damages for wrongful death instituted by the respective heirs at law of the deceased persons.

The four cases were consolidated for the purpose of trial and were thereafter tried by a jury. The jury returned its verdicts in favor of the respective plaintiffs and against defendants Oliver B. Derrington, Union Oil Company of California and Campbell P. Ledgerwood in the following amounts: The sum of $45,000 for plaintiffs Joseph Andalon Gonzalez and Camerina Gonzalez; the sum of $100,000 for plaintiff Barbara Lee Spinelli; the sum of $45,000 for plaintiffs Pearl Smaldino et al., and the sum of $12,000 for plaintiffs Eleanor M. Kestel et al.

Defendants Oliver B. Derrington, Union Oil Company of California and Campbell P. Ledgerwood each made and filed motions for judgment notwithstanding the verdict and, in the alternative, for a new trial.

The trial court made orders (1) setting aside the verdicts

of the jury in favor of the respective plaintiffs as to defendant Union Oil Company of California and ordering judgments in each case in favor of said defendant; (2) granting defendant Oliver B. Derrington's and defendant Campbell P. Ledgerwood's motions for new trials, on the ground that in each case the evidence was insufficient to sustain the verdicts; and (3) granting the motions of defendants Oliver B. Derrington, Union Oil Company, and Campbell P. Ledgerwood to strike the memorandum of costs and disbursements filed by plaintiffs.

All plaintiffs have appealed from the first two orders and the respective judgments in favor of defendant Union Oil Company of California, and plaintiffs Joseph Andalon Gonzalez and Camerina Gonzalez have also appealed from the third order.

*Facts:* Plaintiffs sued for death and injuries incurred in a ''flash fire'' and explosion in a bar. The fire and explosion were intentionally caused by two men named Bates and Chavez, one of whom threw gasoline into the bar, while the other set fire to it. Bates and Chavez had bought the gasoline from a Union Oil Station operated by defendant Derrington.

The gasoline had been bought, immediately before the fire was started, in an open 5-gallon can which Bates and Chavez had brought to the station.

■■ *Questions:* First. *Under the facts of the present case was there an efficient, intervening cause which produced the injuries and deaths and without which they would not have occurred?*

*Yes.* Subsection (k) of section 57.45 of the Los Angeles Municipal Code provides that gasoline shall not be sold by public filling stations ''except into the tanks of motor vehicles or into all-metal containers bearing a label plainly describing the contents thereof, the capacity of which shall not exceed two (2) gallons. . . .''

Section 57.00 of the Los Angeles Municipal Code provides in part: '' 'All-metal' shall mean substantially constructed entirely of metal, and if a container, equipped with a tight fitting screw or snap type cover.''

In two material specifications the can with which Bates and Chavez bought the gasoline violated the ordinance: Its capacity was 5, instead of 2, gallons, and it was open and did not contain a cover.

Plaintiffs contend that the selling of the gasoline in violation of the municipal code was an act of negligence that was the proximate cause of the injuries and death sustained and

that Ledgerwood, as the employee who sold the gasoline, Derrington, as the owner of the Union Oil filling station, and the Union Oil Company because of its commercial arrangements with Derrington, are all liable.

This contention is devoid of merit. There is nothing in the record to establish that the sale of the gasoline was a proximate cause of the subsequent injuries and deaths without the intentional misconduct of Bates and Chavez, which constituted an independent, intervening cause neither foreseeable nor one of the dangers against which the Los Angeles ordinance was designed. There is nothing in the Los Angeles ordinance that covers cases of intentional misconduct.

*Richardson* v. *Ham*, 44 Cal.2d 772 [285 P.2d 269], urged by plaintiffs as an authority for their proposition that the violation of the ordinance in the present case was a proximate cause of the resulting injuries and deaths, is clearly not applicable here and is distinguishable from the facts in the present case.

In the cited case the defendant had left unlocked on a mesa a 26-ton bulldozer. Three young men tampered with it, drove it around the mesa, and eventually released it rolling down the mesa. It thereupon caused serious damage and injury.

The court held that "The extreme danger created by a bulldozer in uncontrolled motion and the foreseeable risk of intermeddling fully justify imposing a duty on the owner to exercise reasonable care to protect third parties from injuries arising from its operation by intermeddlers." (P. 776 [6].)

It was further held that the fact there was intervening intentional misconduct did not prevent a finding of proximate cause. ". . . 'If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.' " (P. 777 [8].)

The facts in the Richardson case are clearly distinguishable from the facts in the present case. It cannot logically be said that there is an "extreme danger," or that it is foreseeable, that gasoline bought in an open can will be used intentionally to injure others. There is nothing about purchasing gasoline in an open 5-gallon can that makes it more likely that it will be used intentionally to injure others than that purchased in a closed 2-gallon can.

In view of the facts in this case, there was no evidence that the violation of the municipal ordinance was a proximate cause

of the resulting injuries and deaths. Rather, the uncontradicted evidence shows that the injuries and deaths were due to an independent, intervening cause, to wit, the action of Bates and Chavez in starting the fire. The rulings of the trial court were correct.

■ Second. *Did the trial court err in granting the motions of defendants Oliver B. Derrington, Union Oil Company of California and Campbell P. Ledgerwood to strike the memorandum of costs and disbursements of plaintiffs Gonzalez?*

*No.* Section 1033 of the Code of Civil Procedure provides for the filing of a memorandum of costs and disbursements after verdict "and not later than ten (10) days after the entry of the judgment" by the party "in whose favor the judgment is ordered." No judgment was ever entered in favor of plaintiffs Gonzalez. Therefore, the trial court properly granted the motion to strike the memorandum of costs and disbursements.

The judgments notwithstanding the verdict entered in favor of defendant Union Oil Company are affirmed.

The orders granting the motions for new trials of defendants Oliver B. Derrington and Campbell P. Ledgerwood and denying their motions for judgments notwithstanding the verdict are reversed. The trial court is instructed to order that such defendants' motions for judgments notwithstanding the verdict be granted, to enter judgment thereon, and to order that such defendants' motions for new trials be denied.

The order granting the motion of all defendants to strike plaintiffs' memorandum of costs and disbursements is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.

Appellants' petition for a rehearing was denied July 26, 1961, and the opinion and judgment were modified to read as printed above. On August 23, 1961, the application of respondents Derrington and Ledgerwood for modification of the opinion and appellants' petition for a rehearing were denied.