OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs seek to recover for death and injuries sustained by patrons of a social club burned by arsonists in October of 1976. The gasoline used as an accelerant was purchased by the arsonists at a Power Test gasoline station, where it was pumped by an attendant into a plastic milk container supplied by the arsonists. The plaintiffs seek to hold Power Test and two other defendants connected with the gas station (hereafter "the Power Test defendants”) liable on the theory that the gasoline was sold in violation of section C19-53.0 of the Administrative Code of the City of New York (now § 27-4058), because the container in which it was purchased was not an "approved type” under this law. They also rely on section 09-153.0 of the code (now § 27-4255) which creates a cause of action for those "burned by the explosion of any compound or mixture the sale of which is prohibited by this title”. The defendant Washington Bros. Realty, owner of the building where the social club was located, seeks contribution from these defendants on the same theory.
The Power Test defendants moved for summary judgment dismissing the complaints and cross claim on the grounds, among others, that the sale did not violate the code, that they are not responsible for the actions of the attendant who was employed by a third party, and that the alleged violation was not causally related to the injury. Special Term granted the motion on the latter ground and reached no other issues. The court concluded that there was no "practical or reasonable causal connection” between the alleged "technical violation of the sale of gasoline in an illegal container” and the injuries resulting from the arson. The Appellate Division affirmed, without opinion (123 AD2d 904).
On this appeal the plaintiffs argue that the decision below is inconsistent with the holding in Daggett v Keshner (284 App Div 733, judgment affd on subsequent appeal 6 AD2d 503, affd 7 NY2d 981).
In Daggett the owner of a gasoline station was held liable *984 for injuries sustained in an arson when he sold gasoline to arsonists in violation of several code provisions. There it was noted that the section of the code imposing civil liability for violations causing injury, relieved the plaintiff of the traditional common-law burden of establishing proximate cause. Thus the fact that the intervening acts of the arsonists might be viewed as the proximate cause of the injury would not defeat the statutory cause of action if the plaintiff could demonstrate a practical or reasonable causal connection between the violation and the injuries (Daggett v Keshner, 284 App Div 733, 738, supra). The court cautioned, however, that a cause of action could not be maintained for a mere technical violation of the statute which is not pragmatically related to the injuries sustained (id., at 740).
In Daggett the defendant sold very large quantities of gasoline without a permit required by the code and without notifying the Fire Commissioner, also required by the code. Indeed he had sold the gasoline to known criminals, had permitted them to store it on his premises, and had helped them conceal it. The defendant’s violation of the permit and notice requirements was causally related to the injuries in a practical sense, since those requirements were designed to alert the authorities to unusually large sales of untanked gasoline, which might be used for arson, so that they could investigate and prevent the injury.
In the case now before us the requirement that gasoline be sold or delivered only in approved containers bears no relationship to arson. It may be, as the plaintiffs contend, that the harm might not have occurred had the Power Test attendant refused to sell the gasoline in an unapproved container because the arsonists may have been unable to obtain one at that hour of the night. However, that fact does not establish the requisite legal connection between the statutory violation and the injuries. The statute was obviously designed to make transport and storage of gas safe by preventing accidental leakage or explosion, not to make it more difficult to buy untanked gasoline at night. Thus, assuming there was a violation by these defendants, it was a mere technical one bearing no practical or reasonable causal connection to the injury sustained.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.