**COLORADO DEPARTMENT OF SOCIAL SERVICES,**
Plaintiff–Appellee,

v.

**Marion DAVIS, Luis Ramos, Daryl Standifer, and Thomas R. Moeller, in his official capacity as an Administrative Law Judge, Division of Administrative Hearings, Colorado Department of Administration, Defendants–Appellants.**

No. 89CA1066.

Colorado Court of Appeals,
Div. I.

July 19, 1990.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Vivianne Chaumont Oates, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Saunders, Snyder, Ross & Dickson, P.C., Henry C. Cleveland, III, Denver, for defendants-appellants.

Opinion by Judge PIERCE.

Marion Davis, Luis Ramos, Daryl Standifer, and Thomas R. Moeller (applicants) appeal a district court order setting aside the decision of an Administrative Law Judge (ALJ) from the Colorado Department of Social Services concerning their eligibility for Aid to the Needy Disabled (AND) benefits. The ALJ had reversed a denial of benefits by the Jefferson County Department of Social Services (Social Services). We affirm the district court order.

The applicants are residents of Cenikor, a non-profit rehabilitation program for persons suffering from substance abuse and related behavioral disorders. The program provides long term treatment in highly structured residential treatment communities. As part of the program, participants perform jobs for Cenikor or for certain outside businesses. Participants working for outside businesses earn an hourly wage for their services; however, all earned wages are paid to Cenikor. In exchange, Cenikor participants receive room and board, treatment, clothing, and other personal necessities. Such support also is provided in exchange for work performed at Cenikor.

The issue on appeal is whether the applicants are totally disabled and needy as required by the Rules and Regulations of the Colorado Department of Social Services for entitlement to AND benefits. The ALJ ruled that the applicants are totally disabled because, but for the Cenikor program, the drug and alcohol dependence of each applicant is so severe that he or she would be unable to engage in any useful employment on a regular basis. The applicants contend that the district court acted outside its authority in setting aside the ALJ's decision and reinstating Social Services' denial of benefits. We disagree.

■ In a proceeding for judicial review of an agency action, the district court is required to set aside the agency action if it finds the action to be unsupported by the evidence or otherwise contrary to law. It is for the court to determine all questions of law, interpret the applicable statutes and state regulations, and apply such interpretations to the facts duly found or established. Section 24-4-106(7), C.R.S. (1988 Repl.Vol. 10A).

To qualify for public assistance payments, an applicant must have insufficient income, property, or other resources to meet his needs as determined pursuant to the Colorado Department of Social Services' rules and regulations. Section 26-2-111(1)(b), C.R.S. (1989 Repl.Vol. 11B).

■ In determining an applicant's need, a person's income includes all gains or benefits received in cash or *in kind*. Department of Social Services Regulation No. 3.240.11, 9 Code Colo.Reg. 2503-1. Wages which are owed to the employee and diverted to a third party for the employee's household or other expenses are considered income. Department of Social Services Regulation No. 3.240.34, 9 Code Colo.Reg. 2503-1. Something of value received for the applicant's or the recipient's own benefit in providing the basic requirements of food, shelter, utilities, clothing, and other

personal needs is in kind income. Department of Social Services Regulation No. 3.240.12, 9 Code Colo.Reg. 2503–1.

In order to receive public assistance in the form of AND benefits, a person must establish that he has a total disability which prevents him from meeting his needs. Section 26–2–111(4), C.R.S. (1989 Repl.Vol. 11B). For the purpose of receiving AND benefits, "total disability" means:

"a physical or mental impairment which is disabling and which, because of other factors such as age, training, experience, and social setting, substantially precludes a person having such disability from engaging in a *useful occupation* as a homemaker or as a wage earner in any employment which exists in the community for which he has competence." Section 26–2–103(6), C.R.S. (1989 Repl.Vol. 11B) (emphasis added).

The term "useful occupation" means "any occupation which can be considered as self-supporting ('protected' employment—as in a sheltered workshop—or other 'made work' situations cannot be considered as self-supporting)." Department of Social Services Regulation No. 3.400.26, 9 Code Colo.Reg. 2503–1.

■ Here, as a matter of law, the evidence in the record does not support a finding that the applicants are totally disabled. The evidence presented at the administrative hearing conclusively establishes that the applicants are capable of performing jobs, either for Cenikor or for outside businesses, which are not "made work" situations but useful, self-supporting occupations. The fact that the jobs are performed as part of their therapy does not determine their usefulness. The record shows that the outside jobs held by the applicants have been productive in nature, including working on a production line, removing snow, and selling products. The applicants earn competitive hourly wages for their services and are required to be sufficiently stable and reliable in order to qualify for the jobs with outside employers.

■ The work performed by the applicants within Cenikor also has been productive in nature, including cleaning, cooking,

maintaining, and providing security for the facility. Because these services are provided by Cenikor participants, the organization is able to reduce its cost of operation.

In exchange for their services, the applicants are able to meet their basic needs through the receipt of in kind income, the value of which exceeds the minimum set for public assistance eligibility. Thus, the district court properly set aside the ALJ's award of AND benefits.

In addition, we note that the ALJ applied an incorrect legal test here. The test is not whether the applicants could earn no income except for Cenikor, but whether the applicants can earn money or in kind income sufficient to exceed the eligibility limits. Section 26–2–111, C.R.S. (1989 Repl. Vol. 11B).

The applicants' remaining contention is without merit.

The district court's order setting aside the agency action and reinstating the decision of the county department of Social Services is affirmed.

HUME and MARQUEZ, JJ., concur.