**MOUNTAIN STATES LEGAL FOUNDATION, a non-profit Colorado corporation, Plaintiff–Appellant and Cross–Appellee,**

**v.**

**OFFICE OF the SECRETARY OF STATE, STATE OF COLORADO; Cherry Creek School District No. 5, a political subdivision of the State of Colorado; the Cherry Creek School District Board of Education, in its official capacity; the Cherry Creek Education Association and the Colorado Education Association, Defendants–Appellees and Cross–Appellants.**

**No. 95CA2162.**

Colorado Court of Appeals,
Div. I.

May 1, 1997.*

Rehearing Denied May 1, 1997.

Certiorari Denied Nov. 3, 1997.

---

* Opinion previously announced as non–published March 20, 1997 is now selected for official publication.

Mountain States Legal Foundation, William P. Pendley, James B. Shupe, Denver, for Plaintiff–Appellant and Cross–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Maurice G. Knaizer, Deputy Attorney General, Denver, for Defendant–Appellee and Cross–Appellant Office of the Secretary of State.

Banta, Hoyt, Everall & Farrington, Richard J. Banta, Englewood, for Defendants–Appellees and Cross–Appellants Cherry Creek School District No. 5 and Cherry Creek School District Board of Education.

Colorado Education Association, Martha R. Houser, Denver, for Defendants–Appellees and Cross–Appellants Cherry Creek Education Association and Colorado Education Association.

Opinion by Judge CASEBOLT.

In this action alleging a violation of the Campaign Reform Act, § 1–45–101, et seq., C.R.S. (1980 Repl.Vol. 1B), plaintiff, Mountain States Legal Foundation, appeals the district court's order affirming the decision of an Administrative Law Judge (ALJ) in favor of defendants, the Secretary of the State of Colorado, Cherry Creek School District No. 5 (District), Cherry Creek School District Board of Education, Cherry Creek Education Association (CCEA), and Colorado Education Association (CEA). The ALJ and the court concluded that the District, through the operation of its payroll deduction system, did not make a "contribution in kind" to a political action committee as prohibited by § 1–45–116(1)(a), C.R.S. (1996 Cum. Supp). We affirm.

Acting pursuant to a collective bargaining agreement, the District, a political subdivision of the State of Colorado, made monthly payroll deductions of union dues from teachers' paychecks and remitted them to CCEA. The District prepared one check payable to CCEA for the total amount of all deductions for each month.

CCEA is a voluntary membership union that represents teachers and other employees of the District. From the dues collected and remitted to it, CCEA deducted its own local association dues and transmitted the balance to the CEA, which is also a voluntary membership union that represents teachers and other public school district employees throughout Colorado. Neither the CCEA nor the CEA are an agency, board, division, bureau, commission, council, or political subdivision of the state.

After receiving the funds from the CCEA, CEA then contributed $1 each month per union member to its political action committee, the Education Political Action Committee (EDPAC), and used the remaining funds for its own purposes. Any member of the CEA could request a full refund of any portion of their dues that was ultimately contributed to EDPAC.

■ Mountain States' sole assertion on appeal is that the ALJ and the district court erred in ruling that the collection of teachers' union dues through a public school payroll system, a portion of which was given by the union to a political action committee, did not constitute a "contribution in kind." We reject Mountain States' contention.

■ In a proceeding for judicial review of agency action, the district court is required to set aside the agency action if it finds the action to be either unsupported by the evidence or contrary to law. Section 24-4-106(7), C.R.S. (1988 Repl.Vol. 10A).

It is for the court to determine all questions of law, interpret the applicable statutes and state regulations, and apply such interpretations to the facts. *Colorado Department of Social Services v. Davis,* 796 P.2d 494 (Colo.App.1990). A reviewing court functions under the same principles. *Regents of University of Colorado v. Meyer,* 899 P.2d 316 (Colo.App.1995).

Construction of a statute is a question of law, not a factual determination. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986). In resolving a question of law, a lower court's judgment is subject to independent review by an appellate court. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995).

The limitation on the role of state entities in political activities is set forth in the Campaign Reform Act. The portion of the statutory provision pertinent here, § 1-45-116(1)(a), C.R.S. (1996 Cum.Supp.) states:

No agency, department, board, division, bureau, commission, or council of the state or any political subdivision thereof shall make any contribution or *contribution in kind* in campaigns involving the nomination, retention, or election of any person to any public office, nor shall any such entity expend any public moneys from any source, or make any *contributions in kind,* to urge electors to vote in favor of or against any issue before the electorate .... (emphasis added)

Section 1-45-103(5), C.R.S. (1980 Repl.Vol. 1B) defined "contribution in kind" as:

[A] gift or loan of any item of real or personal property, other than money, made to or for any candidate or political committee *for the purpose of influencing the passage or defeat of any issue or the nomination, retention, election, or defeat of any candidate.* ... Personal services are a contribution in kind by the person paying compensation therefor; volunteer services are not included .... (emphasis added)

In construing the language of a statute, courts must ascertain and give effect to the intent of the General Assembly in enacting the statute. *Boatright v. Derr,* 919 P.2d 221 (Colo.1996). To determine such intent, courts should first look to the statutory language. *Denver Area Labor Federation v. Buckley,* 924 P.2d 524 (Colo.1996).

Under the plain language of § 1-45-103(5), to establish that the District provided a contribution in kind to EDPAC, the record must show that the payroll deduction was: (1) a gift or loan of real or personal property, other than money, or a personal service made; (2) for the purpose of influencing; (3) the passage or defeat of an issue or the nomination, retention, election, or defeat of any candidate.

Thus, a gift, loan, or personal service must be given or made for one of two specific purposes, *i.e.*, for the passage or defeat of any "issue," or for the nomination, retention, election, or defeat of any "candidate."

An "issue" is defined as "any proposition or initiated or referred measure which is to be submitted to the electors for their approval or rejection." Section 1–45–103(8), C.R.S. (1980 Repl.Vol. 1B).

"Candidate" means, in pertinent part, "any person who ... [s]eeks election to any public office which is to be voted for in this state at any general election, school district election, special district election, or municipal election...." Section 1–45–103(3)(a), C.R.S. (1996 Cum.Supp.).

Thus, for the payroll deduction plan to be a contribution in kind there must be evidence in the record of a specific "issue" or "candidate" that EDPAC supported or opposed during the time that the District made payroll deductions.

Here, the record reveals no reference to any specific issue or candidate for which any gift, loan, or personal service was made. The only evidence as to an issue or candidate is the fact that EDPAC engages in various political activities such as making contributions for or against ballot initiatives, contributing to state and local candidate campaigns, and contributing to political parties. Such general activities do not come within the specific definition of "issue" or "candidate" specified in the statute.

Accordingly, because Mountain States did not identify any specific "issue" or "candidate" that the District could have had a "purpose of influencing," we need not determine whether the District's operation of the payroll deduction system constituted a gift, loan, or personal service to EDPAC.

We therefore conclude Mountain States has failed to establish that the District provided a contribution in kind as defined by § 1–45–103(5). Hence, we necessarily find that the evidence fails to show that the District's operation of its payroll deduction system violated § 1–45–116(1)(a).

The order is affirmed.

METZGER and NEY, JJ., concur.