Brenda **WALCOTT** and Dean Walcott, Plaintiffs–Appellants,

v.

**TOTAL PETROLEUM, INC.,** a Michigan corporation, Defendant–Appellee.

No. 97CA0966.

Colorado Court of Appeals, Div. II.

Aug. 20, 1998.

Rehearing Denied Oct. 22, 1998.

Certiorari Pending (98SC738).

Deisch & Marion, P.C., Michael B. Marion, Michael R. Smith, Denver, for Plaintiffs–Appellants.

Burg & Eldredge, P.C., David R. Hersh, Rosemary Orsini, Englewood, for Defendant–Appellee.

Opinion by Judge BRIGGS.

Plaintiffs, Brenda and Dean Walcott, appeal the summary judgment entered against them and in favor of defendant, Total Petroleum, Inc. (Total), on their claims for personal injuries. We affirm.

Plaintiff Brenda Walcott was involved in an argument with a man at a motel. The

man left the motel and went to a Total store. At a self-service pump, he dispensed a small amount of gasoline into a paperboard cup, paid for the gasoline inside the store, and returned to the motel. He threw the gasoline on plaintiff and set her afire, causing her severe injuries. The assailant was apprehended, charged, and convicted of attempted murder after deliberation, first degree assault, first degree arson, and fourth degree arson.

Plaintiffs filed this action against Total, asserting claims of negligence, negligence per se, negligent entrustment, negligence in conducting an inherently dangerous activity, product liability (failure to warn), strict liability in conducting an ultrahazardous activity, and loss of consortium. Total filed motions for summary judgment requesting that the court dismiss all claims.

As to the various negligence claims, Total argued that it owed no duty to plaintiffs to refrain from selling gasoline to the assailant, that the sale was not a proximate cause of any injuries sustained, and that the assailant's actions were an independent intervening cause. Total sought dismissal of the product liability claim on the basis that the gasoline was neither defective nor unreasonably dangerous and that the cause of the injuries was the assailant's misuse of the product. Finally, Total argued that the sale of gasoline did not constitute an ultrahazardous activity.

The trial court first concluded that a gasoline vendor does not ordinarily have a duty to protect the general population from intentional criminal acts of persons who purchase gasoline and that the assailant's criminal conduct was unforeseen and unexpected. The court therefore dismissed the claims of negligence, negligence per se, negligent entrustment, and negligence in conducting an inherently dangerous activity. The court further ruled that the gasoline sold to the assailant was not in a defective condition unreasonably dangerous to the user or consumer and, finally, that selling gasoline was not an ultrahazardous activity.

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. C.R.C.P. 56(c); *see Casey v. Christie Lodge Owners Ass'n,* 923 P.2d 365 (Colo.App.1996). The purpose is to permit the formal allegations of the pleadings to be pierced, saving the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail. *Graven v. Vail Associates, Inc.,* 888 P.2d 310 (Colo.App.1994), *rev'd on other grounds,* 909 P.2d 514 (Colo. 1995).

I.

Plaintiffs first challenge the trial court's dismissal of the claims for negligence, negligence per se, negligent entrustment, and negligence in conducting an inherently dangerous activity. We find no error in the trial court's ruling.

■ Negligence claims cannot succeed without showing that a duty existed and that the breach of the duty was a proximate cause of the injuries alleged. *See Casebolt v. Cowan,* 829 P.2d 352 (Colo.1992); *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986).

■ The existence of a duty depends to a great extent on the foreseeability of a risk. *See Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987). Likewise, foreseeability is the touchstone of proximate cause. *See Ekberg v. Greene,* 196 Colo. 494, 588 P.2d 375 (1978); *Boryla v. Pash,* 937 P.2d 813 (Colo.App. 1996), *rev'd on other grounds,* 960 P.2d 123 (Colo.1998).

As a result, the concepts of duty and proximate cause are often interchangeable, and can be easily confused, when the analysis of both involves the common question of foreseeability. *See generally* W. Keeton, *Prosser & Keeton on Torts* § 42 (5th ed.1984); *see also Sewell v. Public Service Co.,* 832 P.2d 994 (Colo.App.1991); *Butala v. Automated Petroleum & Energy Co.,* 656 So.2d 173 (Fla.Dist.Ct.App.1995)(foreseeability plays a confusing role in the analysis of both duty and proximate cause); Restatement (Second) of Torts § 435 comment c (1965)(strictly, the problem before the court in determining whether an intervening cause is sufficiently extraordinary as to relieve the negligent ac-

tor of liability is one of determining whether the duty imposed on the actor was designed to protect the one harmed from the risk of harm created by the hazard in question; however, courts frequently treat such problems as problems of causation).

The question of duty is one of law for the courts. *See Largo Corp. v. Crespin, supra.* In contrast, the question of proximate cause is ordinarily one of fact for the jury and may be decided as a matter of law only when reasonable minds could draw but one inference from the evidence. *Samuelson v. Chutich,* 187 Colo. 155, 529 P.2d 631 (1974).

Nevertheless, at least when both duty and proximate cause are at issue, the determination under either concept of whether a risk was reasonably foreseeable as a matter of law depends in part on the common sense consideration of the risks created by various conditions and circumstances, *see Taco Bell, Inc. v. Lannon, supra,* and in part on the policy consideration of whether a defendant's responsibility should extend to the results in question. *See generally* W. Keeton, *supra,* §§ 41, 43 (this legal limitation is to some degree associated with the nature and degree of the connection in fact between the defendant's acts and the events of which the plaintiff complains; often to a greater extent, however, the limitation is associated with policy—with our more or less inadequately expressed ideas of what justice demands, or what is administratively possible and convenient); Restatement (Second) of Torts, *supra,* § 435 (when it appears to the court in retrospect that it is highly extraordinary that an intervening cause has come into operation, the court may declare such a force to be a superseding cause); *see also Roberts v. Shop & Go, Inc.,* 502 So.2d 915 (Fla.Dist.Ct.App. 1986)(though foreseeability will be decided as a matter of law only in cases where reasonable persons could not differ, in making that determination courts have employed notions of fairness and policy).

Here, no evidence was introduced indicating that gasoline dispensed at the filling station, in a cup or otherwise, had been used on prior occasions for intentional criminal purposes. Nor was any evidence introduced that otherwise indicated the purchaser would use the gasoline for such a purpose.

We therefore conclude that, whether analyzed under the rubric of duty or proximate cause, the risk that a purchaser would intentionally throw gasoline on a victim and set the victim on fire was not reasonably foreseeable. *See Gonzalez v. Derrington,* 56 Cal.2d 130, 14 Cal.Rptr. 1, 363 P.2d 1 (1961)(risk that purchaser of gasoline in open five gallon container would use it intentionally to set a tavern on fire was not reasonably foreseeable); *Stafford v. Borden,* 252 Ill. App.3d 254, 192 Ill.Dec. 52, 625 N.E.2d 12 (1993)(risk that purchaser of gasoline in an insecticide container would use it intentionally to set afire an apartment building was not reasonably foreseeable); *Morales v. City of New York,* 70 N.Y.2d 981, 526 N.Y.S.2d 418, 521 N.E.2d 425 (1988)(risk that purchaser of gasoline in a milk container would use it intentionally to burn down a social club was not reasonably foreseeable); *cf. Taco Bell, Inc. v. Lannon, supra* (several previous robberies); *Ekberg v. Greene, supra* (several previous acts of vandalism); *see generally* Restatement (Second) of Torts, *supra,* § 442B comment c, illustration 8 (when gasoline negligently spilled is then deliberately set on fire, the negligent actor is not liable). The same result obtains even assuming, without deciding, that Total was subject to the heightened standard of care the supreme court prescribed in *Huddleston v. Union Rural Electric Ass'n,* 841 P.2d 282 (Colo.1992), for inherently dangerous activities. *See Roberts v. Shop & Go, Inc., supra* (even if duty is to exercise highest degree of care, risk that purchaser of gasoline in an open pail would intentionally throw the gasoline on victims and set them on fire was not reasonably foreseeable).

Plaintiffs seek to have us reach a contrary conclusion in this case because of the assailant's behavior and appearance, as indicated in witness statements and excerpts from testimony submitted with the summary judgment pleadings. These indicated that one employee thought the assailant had arrived in a car with two other men. She could not see the assailant dispense the gasoline be-

cause he was "stooping over," or "crouching" behind a car.

The employee variously described the assailant when he came into the store as "agitated," "intoxicated," "high on drugs," "very neurotic," "hyper," or "just a fast talker." She could not "decipher one from the other." She did not do anything other than accept payment because she thought "they were just totally legitimate people like on a vacation or maybe going to work."

The other employee described the assailant as having blood-shot eyes with dilated pupils. She thought he was the driver of the car, and she believed he had been in the store three to four times in the preceding month.

We can assume, as plaintiffs argue, that crouching behind a vehicle to dispense gasoline in a cup may appear surreptitious. However, while it might reasonably be inferred that the assailant was aware he was violating the law, his behavior did not create a reasonably foreseeable risk that the gasoline would then be used to commit an intentional assault.

We further recognize that a purchaser of gasoline who appears to be under the influence of alcohol or drugs at the time of the purchase may be more likely to cause harm to another. However, the foreseeable risk is that an accident may occur, not that the purchaser may intentionally set another human being on fire. See Welch v. Railroad Crossing, Inc., 488 N.E.2d 383 (Ind.App. 1986)(court found no case holding that intentional criminal assault was reasonably foreseeable merely because assailant had been served alcohol beyond the point of intoxication).

■ Finally, plaintiffs contend that, at least as to the claim of negligence per se, summary judgment was inappropriate. They rely on the opinion expressed by an expert in an affidavit attached to their response to Total's motion for summary judgment. The expert opined that the purpose of the ordinance Total violated was to prevent injuries, not just from negligent use of gasoline, but from all uses.

■ The problem with plaintiffs' contention is that the construction of a statute, ordinance, or regulation is not one of fact, to be resolved with the assistance of retained experts. Rather, it is a question of law for the courts. See Stafford v. Borden, supra; see also Colorado Department of Social Services v. Davis, 796 P.2d 494 (Colo.App.1990)(interpretation of a statute or regulation is a question of law).

In our view, the injuries suffered by the victims of intentional assaults are not the kind that a regulation prescribing the types of containers in which gasoline can be dispensed was enacted to prevent. See Roberts v. Shop & Go, Inc., supra (even though purchase of gasoline in an open pail violated state statute, the element of foreseeability is no less essential to a claim of negligence per se, and risk that purchaser would throw the gasoline on victims and set them on fire was not reasonably foreseeable); Morales v. City of New York, supra (requirement that gasoline be sold only in approved containers bears no relationship to arson—requirement was obviously designed to make transport and storage of gas safe by preventing accidental leakage or explosion); Stafford v. Borden, supra (dangers addressed by requirement that gasoline be sold in approved containers are those attending the possible leakage of flammable liquids from their containers, or the potential for disaster if persons inadvertently came in contact unaware of the liquid's nature, but those dangers do not include arson). Hence, as a matter of law plaintiffs could not prevail on their claim of negligence per se. See Lyons v. Nasby, 770 P.2d 1250 (Colo.1989)(one of the elements of a claim for negligence per se is that the injuries suffered must be of the kind the statute, ordinance, or regulation was enacted to prevent); see also Gerrity Oil & Gas Corp. v. Magness, 946 P.2d 913 (Colo.1997).

We therefore conclude the trial court properly granted summary judgment on all the negligence claims.

## II.

■ Plaintiffs next assert the trial court erred in dismissing their claim based on product liability. However, because the as-

sailant's use of the gasoline was not reasonably foreseeable, it constituted misuse of the product. Thus, summary judgment was again appropriate. *See Armentrout v. FMC Corp.,* 842 P.2d 175 (Colo.1992).

### III.

Plaintiffs finally contend the trial court erred in granting summary judgment on their ultrahazardous activity claim. However, we are aware of no authority supporting the proposition that dispensing gasoline at a service station is an ultrahazardous activity, and we perceive no reason to extend the doctrine to reach such an activity. *See generally* Restatement (Second) of Torts, *supra,* §§ 519 & 520 (1977); W. Keeton, *supra,* § 78; *see also Smith v. Weaver,* 445 Pa.Super. 461, 665 A.2d 1215 (1995)(operation of underground storage tanks at gasoline service station was not ultrahazardous activity); *Greene v. Spinning,* 48 S.W.2d 51 (Mo.App. 1931); *cf. Forrest v. Imperial Distribution Services, Inc.,* 712 P.2d 488 (Colo.App.1985)(refusing to extend the doctrine to cover the delivery of caustic cleaning compounds to a dumpsite), *rev'd on other grounds,* 741 P.2d 1251 (Colo.1987); *Hartford Fire Insurance Co. v. Public Service Co.,* 676 P.2d 25 (Colo.App.1983)(refusing to extend doctrine to cover the transmission of natural gas).

Moreover, as with a negligence claim, a plaintiff must establish duty and proximate cause, and thus foreseeability, to prevail on a claim of strict liability for ultrahazardous activities. For the reasons already discussed, plaintiffs have failed to do so. *See generally,* W. Keeton, *supra,* § 79 (in general, strict liability has been confined to the consequences which lie within the extraordinary risk whose existence calls for such special responsibility; hence, the defendant is relieved from liability by the independent act of a third person, which the defendant could not have foreseen).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Because of our resolution of these issues, we need not address plaintiffs' remaining contentions.

Judgment affirmed.

STERNBERG,* and TURSI,* JJ., concur.

and § 24–51–1105, C.R.S.1997.