■ DARNELLA MYERS et al., Respondents, v 149 AUTOMOTIVE, INC., Defendant, and GASETERIA OIL CORP., Appellant. [743

NYS2d 37] —Order, Supreme Court, Bronx County (George Friedman, J.), entered January 22, 2002, which, in an action for personal injuries allegedly sustained when plaintiff was doused with gasoline and set on fire by a nonparty assailant, denied defendant gas station owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that defendant provided the gasoline to the assailant in a paper cup in violation of 9 NYCRR 1164.3, which prohibits gas stations from dispensing gasoline in open and other unapproved containers. The motion court denied defendant's motion for summary judgment on the ground that the existence of a legal cause between the alleged violation of 9 NYCRR 1164.3 and the alleged assault is an issue of fact for the jury. This was error. The regulation is the State analog to Administrative Code of the City of New York § 27-4058 (c), which, it has been held, is designed to make the transport and storage of gasoline safe by preventing accidental leakage or explosion of gasoline, not to make it more difficult to buy untanked gasoline (*Morales v City of New York*, 70 NY2d 981, 984). "Thus, assuming there was a violation * * *, it was a mere technical one bearing no practical or reasonable causal connection to the injury sustained." (*Id.*)

Nevertheless, we affirm. The negligence alleged relates not only to the container in which the gasoline was dispensed, but also to the entrustment of the gasoline to the assailant under circumstances that made it foreseeable that the assailant wanted the gasoline in order to do harm. If, as plaintiff's evidence tends to show, the assailant was known in the neighborhood as a drug abuser, was obviously intoxicated and/or deranged at the time she was given the gasoline, had just engaged in a shouting match with plaintiff directly across the street from the gas station, and had no apparent legitimate use for the gasoline, defendant can be held liable for breach of the common-law duty to entrust dangerous materials only to responsible persons whose use would not create an unreasonable risk of harm to others (*see, Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 236; *see also, Craft v Mid Is. Dept. Stores*, 112 AD2d 969, 970, cited with approval by *Rios v Smith*, 95 NY2d 647, 653; *Splawnik v Caprio*, 146 AD2d 333, 335). On this record, issues of fact exist as to whether defendant knew or should have known that the assailant intended to use the gasoline "in an improper or dangerous fashion" (*Hamilton v Beretta U.S.A. Corp., supra* at 237), and, if so, whether the assailant's intervening act was the "foreseeable consequence of

the situation created by the defendant's negligence" in entrusting the gasoline to her (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.