**Tugba KOCA, a minor child, by and through her legal guardian, Paula ALPAR, Plaintiff–Appellee,**

**v.**

**Donald KELLER, individually and d/b/a Continental Cleaners, Defendant–Appellant.**

**No. 02CA2498.**

Colorado Court of Appeals, Div. IV.

April 8, 2004.

Certiorari Granted Sept. 13, 2004.

Winer and Ramsay, Jeanne Winer, Boulder, Colorado, for Plaintiff–Appellee.

Hall & Evans, LLC, Alan Epstein, Denver, Colorado; Elwyn F. Schaefer & Associates, P.C., Elwyn F. Schaefer, Andrea J. Kershner, Denver, Colorado for Defendant–Appellant.

Opinion by Judge CASEBOLT.

In this negligence action, defendant, Donald Keller, individually and doing business as Continental Cleaners, appeals the judgment entered against him in favor of plaintiff, Tugba Koca. We affirm in part, reverse in part, and remand.

Defendant employed Firat Uzan, a native of Turkey, as the manager of his dry cleaning business. Defendant authorized Uzan to open the business premises one Sunday morning to let in a carpet cleaner. Unbeknownst to defendant, Uzan brought plaintiff, a twelve-year-old family friend recently arrived from Turkey, with him that morning. Once inside the business, Uzan locked plaintiff in a back office and sexually assaulted her. Subsequently, Uzan sexually assaulted plaintiff on three separate occasions at locations other than Continental Cleaners.

Plaintiff asserted alternative claims for relief against defendant based on negligent supervision and premises liability. The trial court, sitting as the fact finder, found defendant liable for the injuries plaintiff suffered as a result of all the sexual assaults under both theories and awarded plaintiff damages

in the amount of $265,600. This appeal followed.

### I.

■ Defendant first contends that the premises liability statute, § 13–21–115, C.R.S.2003, subsumes plaintiff's negligent supervision claim. However, because this argument was raised for the first time on appeal, we will not consider it. *See Pub. Serv. Co. v. Willows Water Dist.,* 856 P.2d 829 (Colo.1993)(an issue is not properly preserved for appellate review if it is not presented to the trial court).

### II.

■ Defendant next contends he did not owe plaintiff a legal duty to prevent Uzan from sexually assaulting her. We disagree.

■ Whether a defendant owes a plaintiff a legal duty to act to avoid injury is a question of law to be determined by the court. *Smith v. City & County of Denver,* 726 P.2d 1125 (Colo.1986).

■ An employer is subject to liability for negligent supervision if the employer knows or should have known that an employee's conduct would subject third parties to an unreasonable risk of harm. *Moses v. Diocese of Colo.,* 863 P.2d 310 (Colo.1993); *Destefano v. Grabrian,* 763 P.2d 275 (Colo.1988). Such liability may exist regardless of whether the employee was acting within his or her scope of employment. *Biel v. Alcott,* 876 P.2d 60 (Colo.App.1993). The plaintiff must establish that the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. *Destefano v. Grabrian, supra;* Restatement (Second) of Agency § 213 cmt. d (1958).

Here, taking the evidence in the light most favorable to plaintiff, as we must, three of defendant's former employees, all teenaged girls, were either sexually harassed or assaulted by Uzan while working on Continental Cleaners' premises before the assault upon plaintiff. All three quit their employment because of such abuse, filed police reports, and notified defendant of their reasons for leaving. The mother of one of the girls

also contacted defendant, complained of Uzan's sexually inappropriate conduct toward the girls, and warned defendant of civil liability if he chose to retain Uzan as an employee.

Defendant conducted a cursory investigation into these allegations. Defendant testified that he requested written statements from two of the girls and confronted Uzan regarding their accusations. Uzan denied them. Defendant's wife, daughter, and niece, who also worked in the business, stated they had never observed inappropriate conduct by Uzan. However, shortly thereafter defendant caught his daughter and niece, both minors, with alcohol supplied by Uzan. Despite defendant's knowledge of Uzan's inappropriate behavior, he retained Uzan, allowing him to work unsupervised with a set of keys to Continental Cleaners' premises.

We agree with the trial court that defendant had notice of Uzan's propensities for illegal behavior, sexual harassment, and assaults on young women and girls, and thus owed a duty to plaintiff. The above evidence demonstrates that defendant knew or should have known that Uzan posed an undue risk of harm to young women and girls while working unsupervised on Continental Cleaners' premises. *See Moses v. Diocese of Colo., supra; Destefano v. Grabrian, supra.*

■ Under a general duty analysis, the same result obtains. In determining whether a duty should be recognized, a court must consider many factors, including: (1) the risk involved, (2) the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, (3) the magnitude of the burden of guarding against injury or harm, and (4) the consequences of placing the burden upon the actor. *HealthONE v. Rodriguez,* 50 P.3d 879 (Colo.2002); *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993); *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo. 1987). These factors, however, are not exhaustive; a court may consider any other relevant factors based on the competing individual and social interests implicated by the facts of the case. *Greenberg v. Perkins, supra.* Because no single factor controls, the question of whether a duty should be imposed in a particular case is essentially one of fairness under contemporary standards—

whether reasonable persons would recognize a duty and agree that it exists. *Taco Bell, Inc. v. Lannon, supra,* 744 P.2d at 46 (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 53, at 359 (5th ed.1984)). A court's conclusion that a duty does or does not exist is an expression of the sum total of those considerations of policy that lead the law to say that the plaintiff is or is not entitled to protection. *Univ. of Denver v. Whitlock,* 744 P.2d 54, 57 (Colo.1987).

Given the facts here, there was a risk that Uzan would sexually assault a young woman or girl on the premises if left unsupervised, resulting in significant physical and emotional injury. The magnitude of the burden imposed and the consequences of placing the burden on defendant are not great. Defendant could have discharged the burden by preventing Uzan from having a key to the premises and from being alone on the business premises without supervision.

■ A wrongful act may be foreseeable even if a tortfeasor cannot ascertain precisely when or how an incident will occur. Rather, foreseeability includes whatever is likely enough in the setting of modern life that a reasonably thoughtful person would take account of it in guiding practical conduct. *Taco Bell, Inc. v. Lannon, supra.* It is not necessary that the tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur, but only that some injury will likely result in some manner as a consequence of the negligent acts. *HealthONE v. Rodriguez, supra.*

Here, given the previous assaults, the risk was reasonably foreseeable. Further, because of the employment relationship between defendant and Uzan, under which defendant had an undisputed right to control Uzan, defendant's duty encompassed a duty to prevent Uzan from harming plaintiff on the premises. *See* Restatement (Second) of Torts § 317 (master has a duty to exercise reasonable care to control servant while acting outside the scope of his employment as to prevent servant from intentionally harming others when servant is upon the master's premises, the master has reason to know of

his ability to control the servant, and the master knows or should know of the necessity and opportunity to exercise control); cf. *Leake v. Cain,* 720 P.2d 152 (Colo.1986)(no duty to prevent a third person from harming another, absent a special relationship between the actor and the wrongdoer or between the actor and the victim, citing Restatement (Second) of Torts § 315; *see also* Restatement (Second) of Torts § 315 cmt. c (the employment relationship is such a special relationship).

Defendant relies on various cases to support his argument that he is not liable for the sexual assault perpetrated by Uzan because there was no foreseeable connection between Uzan's employment duties and the assault. However, those cases are all distinguishable from the facts here.

In *Connes v. Molalla Trans. Syst., Inc.,* 817 P.2d 567 (Colo.App.1991), *aff'd,* 831 P.2d 1316 (Colo.1992), the employer hired a truck driver after checking his references and driving record. While driving through Colorado, the employee stopped at a motel. Once inside, he sexually assaulted the desk clerk. The clerk asserted a negligent hiring claim against the employer predicated on the employer's failure to check the employee's criminal record. Finding that the employee's conduct was not foreseeable, the court concluded that the employer had no duty to check the employee's criminal record.

*Houser v. Smith,* 968 S.W.2d 542 (Tex. App.1998), like *Connes,* involved an employer's liability under a negligent hiring theory arising when the employer failed to investigate his employee's criminal background. There, the employee sexually assaulted the plaintiff at the employer's work premises after business hours. The court held that the assault was not foreseeable and therefore the employer did not owe the plaintiff a duty, even had the employer discovered the employee's prior forgery convictions.

Unlike the employers in *Connes* and *Houser,* both of whom did not know or have reason to know of their employees' criminal pasts, defendant knew or had reason to know that Uzan had sexually assaulted three former employees on the work premises. The likelihood of Uzan committing a future crime

of the same nature, at the same location, and while he was on the premises unsupervised, was therefore foreseeable under the circumstances.

In *Betty Y. v. Al–Hellou,* 98 Wash.App. 146, 988 P.2d 1031 (1999), an employer was accused of negligently supervising an employee who sexually assaulted a boy he met while working for the defendant. Although the employer knew the employee was on probation for sexually assaulting a child, the court held that the employer did not owe a duty to the boy to prevent the assault because the employee was not hired to work with potential victims, the assault did not occur on the work premises, and the employee's job duties did not facilitate or enable the employee to commit the assault.

Similarly, in *Federico v. Superior Court,* 59 Cal.App.4th 1207, 69 Cal.Rptr.2d 370 (1997), the victim, who was a young boy, accused an employer of negligently hiring an employee who met the victim during work hours and sexually assaulted him outside of the work premises. The court held that the employer did not breach his limited duty to exercise reasonable care in his selection of employees for his hairstyling college, even assuming he was aware of the employee's previous convictions for sexual offenses. The court explained that, because the employee's prior convictions did not involve students or customers of the hairdressing establishments where he had worked, and because there was no particular connection between the employee's abnormal sexual interest in children and his work, nothing in his history would have indicated to the employer that he posed a threat of harm to minors encountered in the course of his work.

In contrast to the employers in *Betty Y.* and *Federico,* defendant here knew or should have known that Uzan had sexually assaulted young women and girls on the very same premises where he assaulted plaintiff. Accordingly, defendant should have known, at a minimum, that retaining Uzan as his employee, and allowing him to work unsupervised, posed an unreasonable risk of harm to young women or girls coming onto the premises. Defendant's authorization of Uzan's unsuper-

vised access to Continental Cleaners' premises facilitated Uzan's assault upon plaintiff.

To the extent defendant contends he had no duty to prevent Uzan's sexual assault upon plaintiff because there was no foreseeable connection between Uzan's job responsibilities and the circumstances of plaintiff's assault, he misconstrues the duty to supervise. No Colorado case requires such a connection. Indeed, the Restatement (Second) of Agency § 213 (1958), upon which Colorado authorities rely, indicates that an employer is subject to liability if he or she is negligent in failing to prevent tortious conduct from occurring on the work premises *or* in employing improper persons or instrumentalities in work involving risk of harm to others. Thus, there is no requirement of a connection between the job responsibilities and the circumstances of the assault in the former situation, but rather only in the latter. There need be no direct link between the job responsibilities and the imposition of liability. Instead, defendant had a duty to exercise reasonable care in supervising Uzan when defendant knew or should have known Uzan's conduct created an unreasonable risk of harm to young women or girls on the premises. *See* Restatement (Second) of Torts § 317.

Because there is no specific link required between the job responsibility and the injury, the above reasoning also defeats defendant's contention that he cannot be liable because plaintiff was not a customer or employee.

Moreover, contrary to defendant's contention, the fact that Uzan's conduct was intentional and criminal does not relieve defendant of liability as a matter of law, because it and the harm were reasonably foreseeable. *See Ireland v. Jefferson County Sheriff's Dep't,* 193 F.Supp.2d 1201 (D.Colo.2002); *Ekberg v. Greene,* 196 Colo. 494, 497, 588 P.2d 375, 377 (1978); Restatement (Second) of Torts § 442 (where negligent conduct of actor creates risk of particular harm and is a substantial factor in causing the harm, the fact that the harm occurs through intervention of another force does not relieve actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of

the risk created by the actor's conduct). Indeed, the act of a third person in committing an intentional tort or crime is not a superseding cause when the actor at the time of the negligent conduct realized or should have realized the likelihood that a situation affording an opportunity to commit the tort or crime might be created and that the third person might avail himself of the opportunity to commit such a tort or crime. Restatement (Second) of Torts § 448.

In view of this disposition, we need not address defendant's contentions concerning the premises liability theory.

### III.

Defendant next contends the trial court erred in finding him liable for the damages plaintiff suffered from the three assaults Uzan committed off-premises following the first assault at Continental Cleaners. Specifically, he asserts that he cannot be liable for those later assaults because he did not have a duty to supervise Uzan at locations other than Continental Cleaners. Alternatively, defendant asserts that his conduct was not a proximate cause of the three subsequent assaults. We agree with the latter contention.

If a defendant's negligence is a cause of a plaintiff's injuries from some event, the plaintiff may recover for all damages caused by that event. However, a defendant is not liable for damages incurred from a subsequent event of which he or she is not a cause. Accordingly, if subsequent events worsen injuries the plaintiff suffered as a result of the defendant's tortious conduct, then damages caused by the first event must, if possible, be separated from damages caused by the subsequent events, and the plaintiff may recover from the defendant only those damages caused by the first event. *See Lascano v. Vowell,* 940 P.2d 977 (Colo. App.1996); *Bruckman v. Pena,* 29 Colo.App. 357, 487 P.2d 566 (1971); Restatement (Second) of Torts § 317(b) (master, as such, is under no peculiar duty to control the conduct of servant while he is outside of master's premises, unless servant is using a chattel entrusted to him as servant).

Here, the trial court declined to apportion damages among Uzan's four assaults upon plaintiff because it found the three subsequent assaults were causally related to the first assault. The trial court did not, as defendant mistakenly asserts, find him liable for damages plaintiff suffered from the subsequent assaults because of separate, independent breaches of his duty to supervise Uzan. Rather, the trial court determined that the damages incurred from the subsequent assaults originated from and were inextricably linked to those plaintiff suffered from the first assault, for which liability was imposed based on the duty to supervise.

Nevertheless, under a proximate cause analysis, we conclude that defendant cannot be liable for the later assaults that occurred off defendant's premises.

■■■■ As previously noted, the existence of a duty depends to a great extent upon the foreseeability of a risk. *See Taco Bell, Inc. v. Lannon, supra.* Likewise, foreseeability is the touchstone of proximate cause. *See Ekberg v. Greene, supra.* The question of duty is one of law, but, in contrast, the question of causation is ordinarily one of fact for the jury. *See Walcott v. Total Petroleum, Inc.,* 964 P.2d 609 (Colo.App. 1998).

■■ Nevertheless, foreseeability in the proximate cause context also embodies policy considerations of whether a defendant's responsibility should extend to the results in question. *See Lyons v. Nasby,* 770 P.2d 1250 (Colo.1989)(chain of causation in some cases may be so attenuated that no proximate cause exists as a matter of law); *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986)(same); *Walcott v. Total Petroleum, Inc., supra* (foreseeability limitation also functions as policy consideration to assist in determining whether a defendant's responsibility should extend to the results in question); Restatement (Second) of Torts §§ 431, 435 (to be the legal cause of harm, tortfeasor's conduct must be a substantial factor in bringing about the harm, and there must be no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm; however, there is no legal causation where court determines it is highly extraordinary that the actor's negligent conduct should have brought about the harm).

Courts in other states have recognized that proximate causation includes policy considerations that allow courts to decline to extend liability when it appears highly extraordinary that the actor's conduct could have brought about the harm. *See District of Columbia v. Carlson,* 793 A.2d 1285 (D.C.2002); *Scoggins v. Wal–Mart Stores, Inc.,* 560 N.W.2d 564 (Iowa 1997); *Martucci v. Tirro Constr. Corp.,* 192 Misc.2d 22, 743 N.Y.S.2d 668 (N.Y.Sup.Ct.2002); *Brown v. Philadelphia Coll. of Osteopathic Med.,* 760 A.2d 863 (Pa.Super.Ct.2000).

Here, we conclude as a matter of law that the damages resulting from the three subsequent assaults Uzan perpetrated on plaintiff on other occasions and at other places are simply too remote and arise from outside factors beyond defendant's control. Plaintiff did not report the first assault, or any of the others, to the authorities or to her family, whereas all the previous assault victims reported Uzan's conduct, terminated their employment, and thus prevented subsequent assaults.

In addition, plaintiff took no action to prevent further assaults because she was a family friend, the perceived dependence of her family upon the good graces of Uzan, and ethnic factors peculiar to Turkish society, of which she and Uzan were originally members. These factors affected the significance of and contributed to the subsequent assaults.

Further, defendant's negligence lay in failing to supervise Uzan while Uzan was on defendant's premises. While defendant's negligent conduct continued after the first assault, it did not result in further assaults there. In addition, the subsequent assaults occurred some time after the first assault. *See* Restatement (Second) of Torts § 433 (in determining whether actor's conduct is a substantial factor in causing harm, considerations include number of other factors contributing to produce harm, whether actor's conduct creates force or series of forces in continuous and active operation up to the time of the harm, and lapse of time).

354

Furthermore, it is highly extraordinary that defendant's negligent supervision of Uzan would have precipitated these later assaults at different locations. *See* Restatement (Second) of Torts § 435(2) (where, after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm, court may hold conduct not to be a legal cause of the harm). Thus, even though plaintiff's expert witness, a psychologist, opined that Continental Cleaners appeared to be a "testing ground" for Uzan's deviant behavior and that because he committed the first assault there without getting caught it was more likely that subsequent assaults would occur, we are not persuaded that liability for such subsequent behavior can be laid at defendant's feet.

■ Accordingly, we must next determine whether a new trial on damages is required. We recognize that the record contains evidence apportioning plaintiff's damages between the first assault and the subsequent ones. Plaintiff's expert testified that eighty-five percent of plaintiff's damages were attributable to the first assault and fifteen percent to the later assaults. Defendant had every opportunity to litigate this issue and does not otherwise attack the amount of the damage award. However, because the question of damages presents an issue of fact, and because the damage award here was imposed for all four assaults, we conclude it is necessary to remand the case to the trial court with directions to determine the amount of damages incurred from the first assault only.

That part of the judgment imposing liability upon defendant for negligent supervision is affirmed. The award of damages is reversed, and the case is remanded with directions to determine the amount of damage plaintiff sustained resulting from the first assault.

Judge GRAHAM and Judge LOEB concur.